John Winfred HARRIS,
Appellant–Respondent,

v.

Judy Maureen HARRIS,
Respondent–Appellant.

No. WD 41894.

Missouri Court of Appeals,
Western District.

Feb. 20, 1990.

Michael W. Walker, Kansas City, for appellant-respondent.

Donald J. Lock, Gladstone, for respondent-appellant.

Before ULRICH, P.J., and SHANGLER and TURNAGE, JJ.

TURNAGE, Judge.

John Harris filed an action for dissolution of his marriage to Judy Harris and division of property. The court dissolved the marriage, divided the property, and awarded Judy $400 per month as maintenance. The court also made other awards to Judy which are not in question here.

On this appeal Judy complains about the division of property and John complains about the award of maintenance to Judy. Affirmed as modified.

■ The division of marital property in a dissolution action is consigned to the sole discretion of the trial court and the appellate court must defer to the judgment of the trial court unless the judgment is improper under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), or an abuse of discretion is shown. *Dardick v. Dardick*, 670 S.W.2d 865, 868[3] (Mo. banc 1984). A review of the record does not show that the judgment dividing the marital property is improper under *Murphy* or that the court abused its discretion in such division. An extended opinion would have no precedential value. Rule 84.16(b).

■ John contends the award of $400 per month in maintenance is improper. The award of maintenance is also a matter resting within the sole discretion of the trial court and John has the burden of demonstrating an abuse of that discretion. *Woods v. Woods*, 713 S.W.2d 292, 294[4–6] (Mo.App.1986). The evidence revealed that Judy's income was about $800 less than her average monthly expenses. Section 452.-335.1(2), RSMo Supp.1988, provides that maintenance may be awarded if a spouse is unable to support himself through appropriate employment. The evidence revealed that Judy was employed but was still unable to support herself. No abuse of discretion appears. An extended opinion on this point would have no precedential value. Rule 84.16(b).

■ Section 452.335.3 required the court to state if the maintenance is modifiable or non-modifiable. The court failed to include that specification in the decree.

In view of the fact that Judy was forty-three years of age at the time of trial and considering the uncertainly surrounding future events, the award of maintenance should be modifiable.

The judgment is modified by specifying that the award of maintenance shall be modifiable. In all other respects the judgment is affirmed.

All concur.