**Thomas F. RICHARDSON, Respondent,**

v.

**Donna R. RICHARDSON, Appellant.**

No. 57243.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 4, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 15, 1991.

Application to Transfer Denied
March 5, 1991.

Thomas J. Frawley, Lawrence G. Gillespie, Webster Groves, for appellant.

Merle L. Silverstein, Clayton, for respondent.

CRIST, Judge.

Appellant–wife appeals the trial court's division of property and award of maintenance to wife in a dissolution action. The trial court awarded wife slightly over one-half the marital property, including approximately one-third of husband's pension fund before taxes. The court also awarded wife $2500 per month as maintenance.

On this appeal, wife complains that both the property awarded her and the amount of maintenance are inadequate. We affirm.

The division of marital property in a dissolution action is consigned to the sole discretion of the trial court, and the appellate court must defer to the judgment of the trial court unless the judgment is improper or an abuse of discretion is shown. *Dardick v. Dardick,* 670 S.W.2d 865, 868 [3] (Mo.banc 1984). A review of the record in this case does not show that the judgment dividing the marital property, including the pension fund, was improper or that the trial court abused its discretion in the division.

Wife also claims the trial court erred in failing to find husband's psychiatric practice had no good will value. A review of the record does not indicate the trial court misapplied the law as set forth in *Hanson v. Hanson,* 738 S.W.2d 429 (Mo. banc 1987). No recent sales or offers to purchase a similarly situated practice were shown. *See Hanson,* 738 S.W.2d at 435[6]. Wife was unable to qualify her witnesses as experts for the purpose of valuing the goodwill of a psychiatric practice. *Id.* Further, wife's witnesses were unable to present evidence concerning goodwill in the

sale of psychiatric practices that was not remote in time or geography. *Id.*

Finally, wife contends the award of $2500 per month in maintenance is insufficient. The award of maintenance is also a matter resting within the sole discretion of the trial court, and wife has the burden of demonstrating an abuse of that discretion. *Harris v. Harris,* 784 S.W.2d 630, 631 (Mo.App.1990). The evidence revealed that wife's income from the investment of marital property plus the amount awarded as maintenance yielded an amount slightly greater than that which the court found to be wife's reasonable need. No abuse of discretion appears.

The judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential value. Rule 84.16(b).

GARY M. GAERTNER, P.J., and PUDLOWSKI, J., concur.