**In re the Marriage of D.C., Appellant,**

v.

**J.C., Respondent.**

**No. WD 43024.**

Missouri Court of Appeals,
Western District.

Jan. 15, 1991.

Mary V. Hower, St. Joseph, for appellant.

Kim Loving, St. Joseph, for respondent.

Before LOWENSTEIN, J., Presiding, and SHANGLER and MANFORD, JJ.

LOWENSTEIN, Judge.

Due to the facts in this dissolution matter, the parties will be referred to as David and Joyce. They were married in March 1987, had a child in November 1987, and separated on December 19 followed by David's filing to dissolve the marriage.

The bulk of the trial, and certainly the majority of space taken in the briefs, relates to Joyce's contracting venereal or genital warts also known as papilloma virus. This is a form of herpes, a sexually transmitted disease which can be periodically treated, but not cured.

David had this condition in 1983 and 1984, long before he met Joyce. He claims he told Joyce of this before they married. He also claims his doctor told him "they could be transferred from hands and to abstain from sexual relations for a week." Joyce had a normal pap smear in March 1987, the month they were married. But in August of that year, while six months pregnant, she discovered warts in her genital area. She asked David about them, and he replied, "Yeah, I had a problem with these before. I got two right now, but I didn't know that made any difference." Joyce hurried to a doctor. To remove the warts, Joyce's doctor burned them with acid. During her ninth month of pregnancy the warts grew back. Because of the imminent birth of the baby, they had to be frozen for removal. After the child's birth Joyce's pap smear showed inflammation. A year later, after an abnormal pap smear, Joyce had laser surgery because of the HPV virus.

Joyce testified, and the court believed, she would require a viral pathology test taken every three months at a cost of about $300 per test. Because of the virus she had outpatient surgery in June 1989 at a cost of $1395. The surgery may have to be repeated. There is also a possibility Joyce may develop cervical cancer requiring a hysterectomy. She has psychological counseling expenses because of contracting the HPV virus.

The trial court found Joyce lacked sufficient property to provide for "her reasonable needs and medical expenses ... as a result of contracting the venereal warts," from David. She was awarded maintenance in gross of $3500, periodic maintenance of $50 a month, given custody of the child and $325 a month support.

■ Summarized, David contends there was insufficient medical proof to support the court's findings that he gave Joyce the virus or that if he did give it to her, that he did so intentionally or knowingly. Thus, David argues, the court erred in linking the maintenance awards to the future medical expenses of treating the virus.

In this court tried matter, David made but one objection as to lack of medical authentication as to the cause and effect of the warts. He is now in no position to quarrel with the finding he gave this incurable condition to his wife while she was pregnant. In any event, this is a condition she contracted during the marriage, and certainly would require additional funds for monitoring and treatment long after the marriage was terminated. His point of there being insufficient evidence of future

medical expense to cause an award of maintenance is not well-taken under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The maintenance portion of the judgment of $3500 in gross, $50 per month periodic was not awarded in error. Section 452.-335.1, RSMo 1986 states maintenance may be ordered only if the spouse to whom it will go 1) lacks sufficient property, including marital property to provide for her reasonable needs, and 2) is unable to support herself through appropriate employment or is unable to work outside the home because of the condition or circumstance of a custodial child. David argues the second condition was not addressed in the trial court's findings. David alleges he earns lower income than Joyce, and after the payment of child support of $325 per month, will only have $857 per month to support himself and his two older children from a previous marriage.

Other than cars, there were few assets of this union. In the property settlement, Joyce received the marital home along with its debt, $80 in cash and a car with its debt. Both David and Joyce received allotments of a sizeable joint debt. Joyce is to pay over $16,000 in debts, which include her student loans. David received several mortgaged cars, a boat and furnishings, and debts of some $13,000 which included back taxes and his prior attorneys fees. Joyce is employed as a grade school teacher and has a net monthly income of $1516. David's net income is $1182. Joyce testified her expenses totalled over $2600 a month.

David has the burden of demonstrating an abuse of trial court discretion regarding this award. *Woods v. Woods*, 713 S.W.2d 292, 294 (Mo.App.1986). Although Joyce worked, she was still unable to support herself. Under § 452.335 the maintenance order was not an abuse of discretion. *Harris v. Harris*, 784 S.W.2d 630, 631 (Mo.App. 1990); *Nassif v. Nassif*, 763 S.W.2d 317, 318 (Mo.App.1988).

David is custodian of two teenage children of a prior marriage. He receives no support for them. He contends the $325 order of monthly support "divests essential support from the needs of the older children in the home and is more than what the appellant can reasonably be expected to pay." He contends Rule 88.01 and Civil Procedure Form 14 relating to calculation of a presumed amount of child support does not lend "specific guidance" about support awards for people in his situation, and, thus, it led to an unreasonable result. He concedes the amount presumed to be correct in his case was $367.63, and that it was reduced by the trial judge to the present figure of $325. He argues this amount is unreasonable because Joyce's income is greater than his and he has a duty to his other two children. David has made no attempt, however, to obtain support from the mother of the older children in his custody.

This court will not declare an abuse of discretion under § 452.340 for a support order that is less than an amount to be presumed adequate under Rule 88.01; this is especially so where no efforts have been made to obtain support from the parent of the former marriage. Although the award is substantial, it is not the result of an abuse of discretion. *Mastin v. Mastin*, 709 S.W.2d 545, 549 (Mo.App.1986).

The judgment is affirmed.