**174**

Robert James Arie ANDREWS, by his next friend, Bobbie Anita GOAD, and Bobbie Anita Goad, Individually, Plaintiffs–Respondents,

v.

Jamey Blake CARSEL, Defendant–Appellant.

No. 18201.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 4, 1993.

George D. Nichols, Lamar, for plaintiffs-respondents.

Douglas K. Crandall, Crandall & Dally, Carthage, for defendant-appellant.

PREWITT, Judge.

Jamey Blake Carsel, the father of Robert James Arie Andrews, appeals the judgment of the trial court, contending that the award of $300 per month child support he was ordered to pay is excessive. He contends the trial court did not adequately consider his support of two other children, and soon three other children, as his wife was pregnant. He also argues that the testimony of the child's mother rebutted the presumed child support as calculated pursuant to Rule 88.01.

Review is under Rule 73.01. It requires that we affirm the trial court's order "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or erroneously applies the law." *In re Marriage of Goostree*, 790 S.W.2d 266, 267 (Mo.App.1990).

Rule 88.01 provides that certain factors be considered in determining child support. It establishes a rebuttable presumption that the amount of child support calculated by Civil Procedure Form No. 14 is the proper amount of child support. The trial court determined that under Form No. 14 appellant would owe $323.64 per month for the support of the child. The court then reduced the child support by $23.64 a month, in consideration of his other children. The comments following Form No. 14 include the following:

> "Consideration should be given for direct and unreimbursed support provided to a child not the subject of this case, but who is in the custody of one of the parties."

For a thorough discussion of Rule 88.01 and its application see *Buchanan v. Buchanan*, 828 S.W.2d 946, 948–949 (Mo.App. 1992).

Appellant has the burden of demonstrating an abuse of the trial court's discretion regarding the award of child support. *D.C. v. J.C.*, 802 S.W.2d 535, 537 (Mo.App. 1991). The trial court took into consideration appellant's support of his other children and we find no abuse of discretion in its determination. *Cf. D.C. v. J.C.*, 802 S.W.2d at 537.

As appellant asserts, evidence of actual expenses of a child may be considered in deviating from the amount calculated by Form No. 14. See *Allen v. Allen*, 811 S.W.2d 58, 59 (Mo.App.1991). In *Harding v. Harding*, 826 S.W.2d 404, 407 (Mo.App. 1992), the Western District of this court held that when a custodial parent presents evidence that the child's financial needs are lower than the presumed child support amount as calculated by Form No. 14, the rebuttable presumption created by Rule 88.01 is rebutted. Child support is then to be determined from the evidence presented as if no presumption existed.

However, here we do not view the evidence as establishing that the child's financial needs are lower than the amount calculated under Form No. 14. The expenses testified to only related to direct expenses of the child and did not include other expenses such as housing, utilities and car expense, portions of which might be attributable to the child. *See In re the Marriage of Amos*, 843 S.W.2d 946 (Mo.App.1992). The amount of actual monthly expenses exceeded the amount of child support awarded and appears to have exceeded the "combined child support costs" calculated by both parties and the court by Form No. 14.

The judgment is affirmed.

MONTGOMERY, P.J., and FLANIGAN, J., concur.