Barbara Ann COREY,
Plaintiff-Respondent,

v.

Thomas M. COREY,
Defendant-Appellant.

No. 50344.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 10, 1986.

Rehearing Denied July 18, 1986.

Jerry L. Suddarth, O'Fallon, for defendant-appellant.

Claude C. Knight, St. Charles, for plaintiff-respondent.

KAROHL, Presiding Judge.

Husband appeals provisions in dissolution decree for maintenance, division of marital property and failure to specify that he is entitled to claim his two children as dependents under state and federal income tax laws.

Husband and wife were married on March 21, 1971. They produced two children, a daughter born October 8, 1974, and a son born October 1, 1977. Parties separated in February 1984 after husband told wife he was having an affair and wanted a divorce.

Wife has a high school diploma and remained at home throughout the marriage. She had worked as a secretary for a few years before marriage and only resumed working after husband moved from the family home. As of trial, she was employed as a secretary and earned $12,000 annually with take-home pay of $381.91 twice monthly.

Husband is employed at a publishing company and testified that his net monthly salary is $2,080 less $150 for contributions to a savings plan. His income and expense statement showed a net monthly pay of $2,122.80 and monthly expenses of $1,502.71. His expenses had reduced by $174.04 per month before trial because he had finished making truck payments.

The dissolution decree awarded the children, ages eight and eleven, to wife and ordered child support of "$150 per child bi-monthly each payment being due on the 15th and last day of each month" and the sum of $185 bi-monthly for periodic maintenance. The decree also divided marital property, after assigning values for each item, and provided for debts and health insurance on the children.

On appeal husband claims the trial court erred in awarding excessive and periodic maintenance, in awarding a disproportionate amount of marital property to wife, and in failing to order that he had the right to claim the children as his dependents under income tax laws. We address husband's contentions in order and review under the standard of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The court awarded wife periodic maintenance. Husband maintains the award is excessive and the court erred in not limiting the duration of the award because wife's health, age and present employment indicate she can become self-supporting in the future. We review this claim of error only to determine if the trial court has abused its discretion. *Davis v. Davis*, 693 S.W.2d 879, 882 (Mo.App.1985).

■ We reject husband's claim of error in the award of periodic maintenance for several reasons. First, wife is the custodian of children. § 452.335.1(2) RSMo 1978. Second, a limited maintenance award must be supported by "evidence of some impending change in the financial conditions of the parties or at least some reasonable expectation that such a change will occur." *In re Marriage of Powers*, 527 S.W.2d 949, 956 (Mo.App.1975), quoted in, *Hutchins v. Hutchins*, 687 S.W.2d 703, 706 (Mo.App. 1985).

In the present case, wife has income from her salary and dividend or interest income available to her from an investment of her award of marital property. The income producing sum was found to be $20,463. The proceeds from this sum would not be substantial and wife is not required to consume her assets before being entitled to maintenance. *Miller v. Miller*, 635 S.W.2d 350, 352 (Mo.App.1982). Wife stayed home for thirteen years to raise the children and lacks sufficient skills to supply herself adequately, while the award is not clearly beyond husband's ability to pay. *Ingebritson v. Ingebritson*, 677 S.W.2d 924, 926 (Mo.App.1984). With regard to husband's ability to pay, the decree is vague and could be read to order either $185 per month payable bi-monthly or $370 per month payable in equal bi-monthly payments. It appears the parties are treating the order to be $370 per month and that amount is supported by the record as within husband's ability to pay considering his income, expenses and the total monthly obligation for child support and maintenance.

We find no abuse of discretion in granting periodic maintenance where a custodian of children, not possessed of sufficient assets to be considered self-supporting, may become unable to continue to be self-supporting by income from wages because of custodial responsibilities. *Davis*, 693 S.W.2d at 882.

■ Husband next argues that the marital property division was in error because his misconduct was not so great as to justify a disproportionate division. Husband was awarded approximately 45% of the marital property. The decree does not indicate that husband was penalized for his affair, but, even if true, the trial court has discretion to divide the marital property as it deems just and marital misconduct is a specific factor which the court may consider under § 452.330.1(4) RSMo 1978. We find no abuse of discretion.

■ Finally, husband argued that the trial court erred in failing to provide that husband should have the right to claim both children as dependents on his income tax returns. We have searched the record and find no instance where husband or wife requested the trial court to determine this issue. Points not raised or presented below are not preserved for our review. *Jones v. Jones*, 658 S.W.2d 483, 488 (Mo. App.1983). This contention of error is the reason that we write this opinion for publication rather than affirm on an order opinion with a memorandum for the parties. We draw the trial court's attention to Title 26 U.S.Code § 152, the Internal Revenue Code, and Temporary Regulation 1.152–4T adopted August 30, 1984. This regulation grants tax exemption for dependent children to the custodial parent unless: (1) a multiple support agreement is in effect (see § 152(c)); (2) a decree or agreement executed before January 1, 1985 provides that custodial parent has agreed to release his or her claim to the dependency exception to the non-custodial parent and the non-custodial parent provides at least $600 of support to the child (see § 152(e)(4)); or (3) the custodial parent relinquishes the exemption

by written declaration on a form provided by the I.R.S.

Because income tax exemptions are or may be a factor in determining the money available to pay support obligations, it would be appropriate for the parties, or the court in the absence of agreement between the parties, to determine and express which party is entitled to the available exemptions.

We affirm.

SIMON and GARY M. GAERTNER, JJ., concur.