**John M. NASSIF, Appellant,**

v.

**Noreen K. NASSIF, Respondent.**

No. 54466.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 6, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 11, 1989.

Application to Transfer Denied Feb. 14, 1989.

Susan M. Hais, Clayton, for appellant.

Michael A. Gross, St. Louis, for respondent.

CRIST, Judge.

Husband appeals his dissolution decree disputing the division of marital property and the award of maintenance to wife. We affirm.

Husband first argues the trial court erred in overvaluing his pension plan thereby rendering an inadequate division of the marital property. The trial court valued both the pension plan and the marital home at $75,500 and awarded the pension to husband and the home to wife. After attesting to a long list of variables used in deter-

mining the value, an expert for husband testified the pension plan was worth $12,-146. Wife's expert, using a different formula, valued the pension plan at $102,000. The value assigned by the trial court was within the range of values testified to, and in light of the variable factors utilized in determining a value, the record supports the trial court's valuation. *See Norman v. Norman,* 604 S.W.2d 680, 684 (Mo.App. 1980) (where value is within range testified to and evidence is diffuse and imprecise in nature, trial court's valuation was not an abuse of discretion); *see also In Re Marriage of K.B.,* 648 S.W.2d 201, 206–207[14] (Mo.App.1983) (where different methods of valuation were used by each side and factors to be used were disputed, trial court's valuation was not an abuse of discretion).

Husband also disputes the award of $350 per month maintenance to wife, arguing no award is warranted or, in the alternative, only a limited award is warranted. Considering wife's absence from the employment market, her current work skills, her current income and expenses, and the marital property awarded to her, there was no abuse of discretion in the award of maintenance. *Hart v. Hart,* 741 S.W.2d 105, 107[2, 3] (Mo.App.1987) (where there is no concrete evidence wife's ability to support herself will improve in the near future, husband's recourse is a motion to modify when the circumstances change).

The trial court's judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears and an extended opinion would serve no precedential value.

Judgment affirmed in accordance with Rule 84.16(b).

CRANDALL, P.J., and REINHARD, J., concur.