**Thomas C. VOHSEN,
Plaintiff/Respondent,**

v.

**Marnita S. VOHSEN,
Defendant/Appellant.**

**No. 58043.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 15, 1991.

Deborah J. Tomich, St. Charles, for defendant/appellant.

Charles L. Ford, St. Louis, for plaintiff/respondent.

GRIMM, Judge.

In this dissolution case, wife, Marnita S. Vohsen appeals. She alleges the trial court erred in awarding husband, Thomas C. Vohsen, the right to claim the parties' minor children as dependents for income tax purposes. We reverse and remand for further consideration.

In addition, she alleges the trial court erred in its division of marital property. We disagree; the trial court did not abuse its discretion in its division of property.

Husband and wife were married February 3, 1973, and separated in September, 1988. The parties have three children, now ages 16, 14, and 8. The decree of dissolution, granted in February, 1990, awarded joint legal custody of the children; however, wife was granted primary physical custody.

## I. Income Tax Exemption

Wife contends the trial court erred "in granting [husband] the right to claim the parties' minor children as dependents for state and federal income tax purposes in that said order contravenes section 152(e)(2) of the Internal Revenue Code."

Missouri has long recognized the trial court's jurisdiction to allocate tax exemptions between parents. *Roberts v. Roberts*, 553 S.W.2d 305, 307 (Mo.App.E.D.1977); *Niederkorn v. Niederkorn*, 616 S.W.2d 529, 533 (Mo.App.E.D.1981); *Calia v. Calia*, 624 S.W.2d 870, 873 (Mo.App.W.D. 1981). The power, however, "must be exercised in accord with the Internal Revenue Code." *Calia*, 624 S.W.2d at 873.

In the Tax Reform Act of 1984, § 152(e) of the Internal Revenue Code was amended. Under the amendment, the general rule states the custodial parent is entitled to the income tax exemption for dependent children. The exception to the general rule is set forth in 26 U.S.C.A. § 152(e)(2):

Exception where custodial parent releases claim to exemption for the year.— A child of parents described in paragraph (1)[1] shall be treated as having received over half of his support during a calendar year from the noncustodial parent if—

---

1. Paragraph (1) relates to parents "(i) who are divorced or legally separated under a decree of divorce or separate maintenance, (ii) who are separated under a written separation agreement, or (iii) who live apart at all times during the last 6 months of the calendar year, and such child is in the custody of one or both of his parents for more than one-half of the calendar year."

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

Following the 1984 amendment, trial courts no longer had the authority to merely order that a noncustodial parent receive a child as a dependent for income tax purposes. *Echele v. Echele*, 782 S.W.2d 430, 440 (Mo. App.E.D.1989). *See also In re Marriage of Studyvin*, 779 S.W.2d 338, 340 (Mo.App.S. D.1989).

The 1984 amendment was not designed to provide a benefit to the custodial parent. Rather, it sought to achieve "certainty in the allocation of the dependency exemption *for federal tax administration purposes.*" [2] *Cross v. Cross*, 363 S.E.2d 449, 457 (W.Va.1987) (emphasis original).

Since the 1984 amendment, at least two cases have reached this court concerning the issue we are now considering. These case are *Corey v. Corey*, 712 S.W.2d 708 (Mo.App.E.D.1986) and *Echele*.

In *Corey*, the question was not squarely before us because the trial court had not been asked to allocate the tax exemptions. However, we drew the attention of trial courts to the 1984 amendment. We noted that in the absence of an agreement between the parties, "it would be appropriate" for the trial court "to determine and express which party is entitled to the available exemptions." *Corey*, 712 S.W.2d at 711.

In *Echele*, as here, the trial court granted the noncustodial parent the right to claim a child as a dependent for income tax purposes. The trial court's order was found to be erroneous. We noted the record did not reflect any of the exceptions were applicable, "including the exception that [custodial parent] signed a written declaration that she would not claim [a child] as a dependent." *Echele*, 782 S.W.2d at 440. The cause was reversed and remanded.

The *Echele* court observed that "several states have found that state [trial] courts have authority to order the custodial parent" to execute the written declaration. *Id.* We note the "majority of jurisdictions which have [now] addressed the issue" have taken that position. Annotation, *Allocation of Dependency Exemption*, 77 ALR 4th 786, 791 (1990). *See also* Note, *Allocating Federal Income Tax Dependency Exemptions in Divorce Decrees*, 55 Mo.L.Rev. 1075, 1103 (1990).

■ We now clearly join that majority. A trial court may order a custodial parent to execute the necessary release (IRS Form 8332) in favor of a noncustodial parent who is paying child support in appropriate cases.

As noted earlier, Missouri has long recognized the trial court's jurisdiction to allocate tax exemptions between parents. The power, however, "must be exercised in accord with the Internal Revenue Code." *Calia*, 624 S.W.2d at 873.

The 1984 amendment was made to eliminate the need for the Internal Revenue Service to resolve conflicts when both parents claimed a child as a dependent. Under our holding today, when the parents cannot agree on who is to receive the exemption, it will be appropriate for our trial courts to

**2.** "Reasons for Change. The present rules governing the allocations of the dependency exemption are often subjective and present difficult problems of proof and substantiation. The Internal Revenue Service becomes involved in many disputes between parents who both claim the dependency exemption based on providing support over the applicable thresholds. The cost to the parties and the Government to resolve these disputes is relatively high and the Government generally has little tax revenue at stake in the outcome. The committee wishes to provide more certainty by allowing the custodial spouse the exemption unless that spouse waives his or her right to claim the exemption. Thus, dependency disputes between partners will be resolved without the involvement of the Internal Revenue Service." H.R.Rep. No. 432, 98th Cong., 2d Sess., pt. 2 *reprinted in* 1984 U.S.Code Cong. & Admin.News 697, 1140.

determine this issue. This trial court involvement will have no impact on the IRS and does not conflict with the Internal Revenue Code. *Fudenberg v. Molstad,* 390 N.W.2d 19, 21 (Minn.App.1986); *In re Marriage of Einhorn,* 178 Ill.App.3d 212, 127 Ill.Dec. 411, 418, 533 N.E.2d 29, 36 (1988).

Here, the trial court's decree provided the noncustodial parent "will be allowed to take the three children as deductions for income tax purposes each year." This order is insufficient under the Internal Revenue Code. The Code specifies the exemptions go to the custodial parent unless (1) the custodial parent signs a specific written declaration and (2) the noncustodial parent attaches that declaration to the noncustodial parent's tax return.

■ Thus, to effectuate such an allocation, a trial court must order the custodial parent to annually sign the prescribed declaration, presently IRS Form 8332. The court's order should make execution of the declaration contingent upon the custodial parent's receipt of the court ordered child support payments. A deadline for signing the declaration (for example, January 30 of the following year) should be established.

If the custodial parent does not timely sign the annual declaration, the noncustodial parent may seek appropriate court relief. In such a situation, whether the court ordered support payments have been made will be readily ascertainable, and the trial court will be able to determine if either parent has not complied with its previous orders.

If the support payments have not been made, the trial court could allow the custodial parent to retain the exemptions. On the other hand, if the payments have been made, the trial court could enforce its order requiring the custodial parent to sign the declaration. Either way, the IRS will not be involved in determining which parent is entitled to the exemptions.

Returning to wife's contention, we agree that the trial court's order does not comply with the applicable sections of the Internal Revenue Code. We therefore reverse and remand for further consideration in light of this opinion.

## II. Division of Property

■ For her second point, wife alleges the trial court erred in its division of the marital property because the value placed on the parties' interest in a construction company and a partnership "is not based upon substantial and competent evidence and is against the weight of the evidence."

The construction company was formerly owned solely by husband. As of January 1, 1989, this company and another were merged to form Vohsen–Forbes Construction Company. Husband and David Forbes each own fifty percent of the corporation's stock. In addition, husband testified he invested $20,000 in a limited partnership and that is its current value.

A certified public accountant, retained by husband, testified he valued the company using two different methods. First, based on book value, he said the corporation had a negative book value, as the assets are worth less than the liabilities. Based on the company's past earnings, he placed a $10,000.00 value on the corporation; however, this value included the limited partnership at a value of $14,000.00.

A certified public accountant, retained by wife, testified the corporation had a net worth of $114,470.00. His opinion was based on converting the company's accounting records from a "cash method" to an "accrual method."

The trial court placed a $45,000.00 value on the corporation and partnership. It then awarded husband one-half and placed its value at $22,500.00.

The trial court's valuation of $45,000.00 was within the range of values testified to, and in light of the variable factors utilized in determining a value, the record supports that valuation. *Nassif v. Nassif,* 763 S.W.2d 317, 318 (Mo.App.E.D.1988). *See also Ikonomou v. Ikonomou,* 776 S.W.2d 868, 872 (Mo.App.E.D.1989).

Utilizing the trial court's value of the parties' assets, we observe wife was awarded property valued at $101,101.03, while husband received $63,500.00 of property.

If wife's value was adopted, husband would be receiving an additional $34,785.00, for a total of $98,285.00.

Under our limited scope of review, we find no error. Wife's second point is denied.

The judgment of the trial court is reversed and remanded as to the award of income tax exemptions for the children. In all other respects, the judgment is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.