Julianne SWITZER, Appellant,

v.

Thomas E. SWITZER, Respondent.

No. 59409.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 7, 1992.

Marion Ann Reynolds, Springfield, for respondent-appellant.

Bruce McCurry, Dickey, Allemann, Chaney & McCurry, Springfield, for petitioner-respondent.

# 126

Thomas Michael Flach, St. Peters, for appellant.

Lawrence E. Manion Jr., Clayton, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Julianne Switzer, appeals entry of a decree of dissolution in the Circuit Court of St. Louis County, dissolving her marriage to respondent, Thomas Switzer. Appellant appeals from those portions of the decree regarding maintenance, child support and attorney's fees. We affirm.

Appellant and respondent were married on December 13, 1975, in Florissant, Missouri. They had three children during their marriage: John (born June 22, 1976), Tim (born February 1, 1979), and Sarah (born May 8, 1980). The parties separated on July 21, 1988. Appellant filed a petition for dissolution on May 12, 1989. Respondent filed a cross-claim for dissolution on August 21, 1989. The cause was tried on October 18, 1990, and the court entered its decree of dissolution and findings on October 22, 1990.

Appellant's petition prayed for maintenance, attorney's fees, and child support.

After hearing testimony from both parties, the court awarded appellant $280.00 per month in child support for each child, for a total of $840.00 per month. The court also ordered respondent to pay $200.00 per month as maintenance to appellant. The court did not make any award regarding attorney's fees.

Appellant filed a motion for new trial on October 30, 1990. On November 28, 1990, this motion was sustained in part, but denied regarding the above three issues. Appellant appeals from this denial.

For her first point on appeal, appellant claims the trial court erred by awarding her maintenance of only $200.00 per month for only the next 54 months. She claims that the maintenance award is unsupported by substantial evidence. We disagree. The decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it erroneously applies the law. Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is "against the weight of the evidence" with caution and only if there is a firm belief that the decree or judgment is wrong. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); Rule 73.01.

RSMo § 452.335 (Supp.1989) controls awards of maintenance. That statute provides, in relevant part:

2. The maintenance order shall be in such amounts and for such periods of time as the court deems just, ...

RSMo § 452.335.2. As is apparent from the above statute, the award of maintenance is a matter resting within the sole discretion of the trial court. *Harris v. Harris*, 784 S.W.2d 630, 631 (Mo.App., W.D.1990). We note that appellant asked only for limited maintenance for a limited time, and that her earning potential is likely to increase as she comes closer to earning her degree. Absent a showing of abuse of discretion, which we cannot find in the instant record, the trial court's

award must stand. As an extended opinion on this issue would serve no jurisprudential purpose, we affirm this point pursuant to Rule 84.16(b).

■ For her second point on appeal, appellant contends the trial court erred by not awarding her attorney's fees. Appellant believes she is entitled to such an award due to the allegedly disparate financial resources of the parties. We disagree.

Awards of attorney's fees in dissolution cases is governed by RSMo § 452.355.1 (Supp.1989). That statute provides, in relevant part:

The court from time to time ... may order a party to pay a reasonable amount for ... attorney's fees, ...

The record in the instant case shows no abuse of discretion by the trial court. Although it is true that respondent's earning potential is greater than appellant's, this is not sufficient, in itself, to mandate an award of attorney's fees. We find no abuse of discretion here. Point denied.

■ For her last point on appeal, appellant assigns error for improperly awarding reduced child support. We disagree. RSMo § 452.340.7 (Supp.1989) and Rule 88.01 set guidelines and amounts for consideration of child support. Respondent's share of support, to which both parties stipulated at trial, is $920.00. The trial court, after valuing the dependent health coverage mandated by RSMo § 452.353.1 (Supp.1989), found respondent's share of the premium to be $80.00. The trial court then deducted that amount from the total child support obligation owed by respondent. The trial court has no discretion in this matter. Its actions are mandated by RSMo § 452.353.10 (Supp.1989). We find no error here. Point denied.

The judgment of the trial court is affirmed in all respects.

REINHARD, P.J., and CRANE, J., concur.