**SUPERIOR GEARBOX COMPANY, INC., Plaintiff–Respondent,**

v.

**Wallace L. EDWARDS, Defendant– Appellant,**

and

**John Carter, Robert Bell, and Split Case Gearbox Company, Inc., Defendants.**

**No. 18218.**

Missouri Court of Appeals, Southern District, Division One.

June 16, 1993.

Joseph B. Phillips, Stockton, for defendant-appellant.

David E. Wilhite, Donnelly, Baldwin & Wilhite, Lebanon, Samuel J. Short, Jr., Stockton, for plaintiff-respondent.

SHRUM, Judge.

Wallace L. Edwards appeals from a trial court order finding him in contempt and directing him to pay attorney fees of Superior Gearbox Company. We affirm.

## FACTS

This proceeding in civil contempt arises out of an action brought by Superior against all defendants for trademark infringement, unfair competition, violation of a noncompetition covenant, misappropriation of trade secrets and confidential business information, and trade dress simulation. From Superior's petition in the underlying action, we learn that the individual defendants, all former employees of Superior, were officers and employees of Split Case Gearbox Company, Inc. (also known as SCG), a manufacturing concern that competed with Superior in the sale of gearboxes and related machinery.

Following a three-week trial on the equitable issues, the trial court on March 9, 1992, enjoined the defendants from engaging in certain acts in competition with Superior and ordered them to

5. ... deliver up to Plaintiff for destruction all gearboxes and related products and all guarantees, circulars, price

lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other material in the possession of Defendants or under their control bearing the marks SCG, SGC, SGC and design and/or the "double web" or any reproduction, counterfeit, copy or colorable imitation of said marks, and also all machinery, tooling, molds, dies, and other equipment used for the manufacture, finishing, refinement or printing of any of the above items and products, in any of the Defendants' possession, custody or control.[1]

On April 22, 1992, Superior filed its motion for contempt, alleging that Edwards had dissolved SCG and filed for bankruptcy in an attempt to avoid the March 9, 1992, order,[2] engaged in certain acts prohibited by the March 9 order, and, in violation of the above-quoted paragraph 5, failed to deliver to Superior

for destruction all gearboxes and related products ... and other material in the possession of Defendant Wallace L. Edwards, or under his control bearing the marks SCG, SGC, SGC and design and/or the "double web" ... and all machinery, tooling, molds, dies, and other equipment used for the manufacture, finishing, refinement ... of the above items and products in the possession of the Defendant, Wallace L. Edwards.[3] (Ellipses in original.)

On May 11, 1992, the date set for the hearing on the contempt motion, counsel for several parties claiming ownership, possessory, or security interests in property covered by paragraph 5 appeared before the court and sought to intervene. After hearing argument, the court denied intervention and announced its intention to or-

1. All defendants appealed from the March 9, 1992, trial court judgment in our case No. 18102. On October 7, 1992, this court denied the defendants' motion to consolidate appeal No. 18102 with this appeal.

2. On April 17, 1992, the bankruptcy court dismissed Edwards's Chapter 11 case as having been filed in bad faith. The bankruptcy court order appears in the legal file of this appeal. The court found that "the bankruptcy was filed for the purpose of circumventing an injunction against actions which the state court has determined are wrongful and constitute misappropriation of Superior's property." The bankruptcy court also found that Edwards, a few days after

the circuit court entered its judgment and three days before the bankruptcy filing, dissolved SCG, Inc., and transferred its assets to himself. The court rejected the argument that the dissolution and asset transfer were actions taken to "streamline" the bankruptcy.

3. In its motion for contempt, Superior expressed its belief that defendants Carter and Bell "have in no manner violated the terms and conditions of said judgment of March 9, 1992" and that Edwards's alleged misconduct was "without the consent and approval" of Carter and Bell.

der that the property not be destroyed pending a determination of the rights of the various claimants, including Edwards.

The court then conducted a hearing on the contempt motion and found that Edwards had willfully engaged in acts prohibited by the March 9, 1992, order and that he had willfully failed to deliver to Superior the paragraph 5 items as specified in Superior's motion. The court found Edwards in contempt and gave him four days to purge himself of the contempt by delivering to Superior the paragraph 5 property.

At the hearing, the court also heard testimony about Superior's attorney fees and admitted into evidence Superior's Exhibit 505, a synopsis of legal fees incurred after March 9, 1992. The fees, from three law firms, total more than $19,000. The court found that Superior had incurred "considerable additional attorneys' fees as the result of [Edwards's] violations of the Judgment of this Court entered on March 9, 1992." The court ordered Edwards to pay to Superior $5,000 of those fees.

After the court announced its contempt finding, the attorneys for the parties arranged for Superior to pick up from Edwards's plant the property it claimed. The court orally ordered Superior to inventory all items it removed from Edwards's possession in order to protect the interests of all claimants, including Edwards.

## DISCUSSION

■ Edwards raises two points on appeal. Reduced to its essence, Point I is that paragraph 5 of the March 9, 1992, order was, in Edwards's words, "vague and ambiguous." In the argument portion of his brief and at oral argument, Edwards does not persuade us that the language of paragraph 5 is vague and ambiguous and that he did not know what property he had to deliver to comply with the March 9 order.

Edwards's only other argument in support of his charge of vagueness and ambiguity is that raised in his brief, namely, that because the trial court ordered property to be inventoried, the court was acknowledging its original order was indefinite. This argument has no merit. The purpose of the inventory was to protect the interests of all claimants to the property, including Edwards, and not to make the original order more definite for purposes of Edwards's compliance.

Regarding Edwards's failure to comply with paragraph 5 of the March 9, 1992, order, the contempt order is supported by substantial evidence, is not against the weight of the evidence, and no error of law appears. An extended opinion on Point I would have no precedential value. *See* Rule 84.16(b)(1) and (5).

In Point II, Edwards argues that because the court made no finding that his violations of the prohibitory portions of the March 9, 1992, order were on-going at the time the motion for contempt was filed or at the time of the hearing, the court-ordered attorney fee payment was improper because it was punitive rather than remedial.

■ We need not consider the merits of Edwards's Point II argument, as it is framed. In a civil contempt action, the trial court has discretion to assess reasonable attorney fees for the willful disobedience of a court order. *In re Marriage of Morriss*, 573 S.W.2d 101, 102[1] (Mo.App. 1978; *Frankel v. Moskovitz*, 503 S.W.2d 428, 433–34[[11, 12] (Mo.App.1973). We have already stated our conclusion that paragraph 5 of the March 9, 1992, order was not vague or ambiguous. Thus the finding of contempt could have been based solely on Edwards's willful violation of that mandatory portion of the order.

Edwards makes no argument that the amount awarded was not reasonable; indeed, there is evidence in the record to support the $5,000 award.

We affirm the order of the trial court finding Edwards in civil contempt and ordering him to pay to Superior $5,000 in attorney fees.

CROW, P.J., and PREWITT, J., concur.

PARRISH, C.J., recuses.