Mark K. ADELMAN,
Petitioner/Appellant,

v.

Gwen A. ADELMAN, Respondent/Cross–
Appellant.

Nos. 63835, 63893.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 28, 1994.

Carl J. Lumley, Curtis, Oetting, Heinz, Garrett & Soule, P.C., Clayton, for petitioner/appellant.

William K. Meehan, W. Morris Taylor, P.C., Clayton, for respondent/cross–appellant.

KAROHL, Judge.

Mark Adelman, husband, and Gwen Adelman, wife, both appeal a marriage dissolution decree. Husband contends the court abused its discretion in: (1) awarding monthly child support of $2,249.50; (2) requiring husband to pay an additional 66.66% of all "uninsured medical, dental, and health care costs"; and, (3) failing to require wife to execute consent forms to allow him to claim his children as dependents for income tax purposes. Wife cross-appeals alleging the court erred in failing to award maintenance.

■ Review of this court-tried case is governed by Rule 73.01(c) as interpreted in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will sustain the trial court's decree unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.* at 32.

## FACTS

The parties were married on August 5, 1978. Three children were born of this marriage. At the time of the decree, the children were 9, 7, and 2 years of age. Throughout the marriage, husband was employed at Edmond's Chili Company, a food manufacturer and distributor. In 1986, he became president of the company and purchased 49 shares of the company's stock. The trial court found, at the time of dissolution, husband was earning $9,000 per month.

At the time of the decree, wife was 35 years old. After graduating from high school, she continued her education at St. John's Hospital where she received a certificate as a radiological technician in 1979. In 1984, she quit her job to raise her first child. Wife suffers from the following medical conditions which require her to take medication: seizure disorder; high blood pressure; irregular heart beat; migraine headaches; and varicose vein problems. However, at the time of dissolution, she indicated her medical conditions were good and well controlled.

In addition, all three children at one point in their lives suffered from seizure disorders. The youngest child shows signs of developmental delay. At the time of the decree, the children did not exhibit any health problems.

The parties began having marital problems in 1984. They separated three times during their marriage. On May 11, 1990, husband filed for divorce. On July 16, 1990, the trial court issued a pendente lite order awarding temporary custody and temporary support in favor of wife. Husband was ordered to pay $1,719 per month child support and $1,500 of wife's attorney's fees.

On December 31, 1992, the trial court declared wife the custodial parent. It awarded child support in the amount of $2,249.50 per month or $749.83 per month for each child. Husband was ordered to maintain "comprehensive medical, dental and health insurance" for the children and to pay 66.66% of all "uninsured medical, dental and health expenses" incurred. The court allowed husband to claim the three children on his federal and state income tax returns. The court also ordered husband to pay $65,449.50 to wife and instructed him to pay wife's attorney's fees of $20,000. The court found wife was capable of supporting herself and was able to earn an income of $2,000 per month, thus, it awarded no maintenance.

## HUSBAND'S APPEAL

In his first point on appeal, husband contends the trial court erred in awarding child support in the amount of $2,249.50. We agree. Rule 88.01, Form 14, prepared by the trial court, listed $800 of work-related child care costs. The trial court calculated husband's proportionate share of combined income at 81.8%. On appeal, both parties concede that the $800 work-related child care costs listed on the Form 14 were not supported by any evidence. As a result, the unsupported child care costs increased husband's monthly child support obligation by $654.40 (81.8% of $800). Therefore, the child support must be redetermined.

■■■ Husband contends in his second point the court erred in ordering him to pay for "uninsured medical, dental, and health expenses" in addition to child support pursuant to the Form 14. We agree. A provision calling for payment of uninsured medical expenses constitutes payment of child support. *In re Marriage of Luna*, 855 S.W.2d 483, 485 (Mo.App.S.D.1993) and *Graf v. Bacon*, 800 S.W.2d 88, 90 (Mo.App.1990). Rule 88.01 creates a rebuttable presumption that the child support award is correct. It is sufficient to rebut the presumption that the amount of child support calculated pursuant to Form 14 is correct if a trial court makes a specific finding on the record, after considering all relevant factors, that the calculation is "unjust or inappropriate". Rule 88.01; *Marra v. Marra*, 857 S.W.2d 520, 522 (Mo.App. E.D.1993). Here, the trial court made no specific finding that the amount stated on the Form 14 was "unjust or inappropriate." This can be reconsidered on remand.

■■■ In his third point, husband complains the trial court failed to compel wife, the custodial parent, to execute consent forms permitting him to claim his children as dependents for tax purposes. 26 U.S.C.A. § 152(e). The court decreed husband "shall be allowed to claim the parties' three (3) minor children on his federal and state tax returns so long as all child support is current at the end of said year." Wife has not appealed this provision in the decree. However, wife contends the trial court did not err in failing to order wife to sign documents that allow to declare their minor children as tax exemptions, citing *Echele v. Echele*, 782 S.W.2d 430, 440 (Mo.App.1989). The court in *Echele* held a trial court may not grant a non-custodial parent a tax exemption for a child, pursuant to 26 U.S.C.A. § 152(e)(2). *Id.* at 440.

We find the issue controlled by *Vohsen v. Vohsen*, 801 S.W.2d 789 (Mo.App.1991). Under *Vohsen*, the trial court may allocate tax exemptions between parents. *Id.* at 791. To effectuate such an allocation, the custodial parent must sign a written declaration (IRS Form 8332) not to claim a child as a dependent in favor of a non-custodial parent who is paying child support. *Id.* at 791. If the custodial parent does not timely sign the prescribed declaration, the noncustodial parent may seek court relief. *Id.* at 792. The trial court may resolve this dispute on remand.

## WIFE'S CROSS–APPEAL

Wife contends the trial court erred in denying her an award for periodic maintenance because there is no evidence a job was available to her. We find her argument has merit, but express no opinion on remand. An award of maintenance is governed by § 452.335 RSMo Cum.Supp.1993. This section provides in a dissolution proceeding, the court may grant maintenance if the spouse seeking the maintenance:

> 1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and
>
> 2) Is unable to support himself through appropriate employment *or is the custodian of a child* whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home. § 452.335 RSMo Cum. Supp.1993. (Our emphasis)

Wife does not have sufficient income-producing property to meet her reasonable needs when we apply the first prong of this threshold test. Wife's assets after the dissolution decree consist of a trust account in the amount of $3,637, an automobile, a house with net equity of $87,000 and a mortgage of $131,000, furniture, miscellaneous household

items, and a judgment awarding her $65,-449.50. The only significant income-producing assets were the 49 shares of Edmond's Chile Company stock valued at $200,336 which, subsequently, were awarded to husband.

■ On her Statement of Income and Expenses, wife listed $3,997.60 as her monthly average expenses. A spouse seeking maintenance is not required to deplete or consume his or her marital assets before being entitled to maintenance. *Wallace v. Wallace,* 839 S.W.2d 354 (Mo.App.W.D.1992).

Since wife does not have sufficient income-producing marital property, we next examine whether wife is capable of satisfying her reasonable needs by employment. Wife contends she is unable to support herself due to her numerous medical conditions and the volatile health of her children. She claims she suffers from seizure disorder; high blood pressure; irregular heart beat; migraine headaches; and varicose vein problems, and must take medication to control these problems. Her last reported seizure was in December 1991.

Husband contends that since wife is in good medical condition and has four to five years work experience as a radiological technician, she is capable of employment. A neurologist testified on behalf of husband that despite her medical conditions, wife was capable of full-time employment and raising children. Moreover, a written report from a vocational expert was admitted into evidence on behalf of husband. This expert stated wife could work outside of the home. He based his opinion on the deposition testimony of wife and her medical records. He stated, currently in the Metropolitan St. Louis area there are 653 radiological technician positions, and the field should continue to grow. According to husband's expert, the average salary for this position for a person with wife's experience would range from $12.36 to $15.36 per hour.

■ Husband's analysis is flawed. It fails to consider wife is a custodial parent for three children and has been out of the job market for the past ten years. She testified she has not kept up with the current technol-ogy in the field since 1984. There is no evidence to support a finding wife has present skills and qualifications for present employment as a radiological technician. Moreover, the court may award rehabilitative maintenance in situations where the spouse seeking maintenance has "devoted the majority of her life to household and maternal tasks thereby forfeiting the opportunity to develop occupational skills," or where the party seeking an award "requires further education or training to be able to support herself." *Hurley v. Hurley,* 607 S.W.2d 169, 170 (Mo.App.1980).

■ Further, there is insufficient evidence to support a finding of imputed income for wife of $2000 per month, the figure used on Form 14 prepared by the trial court for the purpose of computing child support. Wife testified she earned $8 an hour when last employed as a radiological technician in 1984. Nothing in the record supports a finding she was qualified for any radiological technician positions currently available, or, that actual terms of employment would be compatible with custodial responsibilities.

A psychiatrist testifying on behalf of husband stated wife was "not psychiatrically disabled from regular employment." However, given the wife's medical conditions and the medical conditions of her children, he opined:

> [W]ere she to attempt full time employment combined with full time child responsibility the resulting stress level would be *dangerous.* (Our emphasis)

After basing his opinion on an examination of wife, her medical records and the medical records of the children, he recognized that all three children have seizure disorders and require medication to control their chronic seizure condition. He told the court:

> The condition in any one of them at times may very well be under control. But on occasion they still may have what you call breakthrough seizures, and when those seizures occur, there may be further complication, like a fall or injury. These are things that are inherently worrisome to a parent. That's an element of stress right there.

In addition, the record reflects conflicting evidence as to whether the children need special attention which may prevent wife from working outside of the home. A pediatrician who testified for husband acknowledged that all three children had seizure disorders, including the youngest child who also exhibited developmental delay problems. Despite his findings, he concluded the children did not need special attention, but the two year old could benefit from physical therapy or a developmentally oriented nursery school and speech therapy. He based his opinion on a 5 to 7 minute exam for each child and a review of the medical records of wife and children. However, wife's attending pediatrician treated all three children for the past 9 years. He testified the children required someone in a "supervisory capacity" to respond to the children's seizures or other needs.

Based on the forgoing analysis and the inter-relatedness of child support and maintenance, the trial court may reconsider both issues. The reversal of one portion of a decree may require the reversal of other portions of the decree, so that on remand, the trial court will reconsider all necessary related portions. *Sinclair v. Sinclair*, 837 S.W.2d 355, 360 (Mo.App.W.D.1992).

We reverse and remand for reconsideration of child support and maintenance issues.

CRANE, P.J., and CRAHAN, J., concur.