## In re MARRIAGE OF Connie Sue BRAUN and David Lee Braun.

### Connie Sue BRAUN, Petitioner/Respondent,

v.

### David Lee BRAUN, Respondent/Appellant.

### No. 64397.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 29, 1994.

---

Daniel E. Leslie, Dempsey, Williamson, & Piontek, Union, for appellant.

Frederick H. Schwetye, Union, for respondent.

CRANE, Presiding Judge.

Husband appeals from a decree of dissolution of marriage. He challenges the trial court's award of child support, the form of the order granting income tax dependency exemptions, the failure to award joint legal custody, the division of marital property, and the failure to appoint a guardian ad litem. We reverse and remand for modification those portions of the judgment relating to the income tax dependency exemptions and joint legal custody. We affirm the remainder of the judgment.

David Lee Braun [husband] and Connie Sue Braun [wife] were married on December 8, 1984. Three children were born of the marriage, all of whom were minors at the time of trial. Wife filed a petition for dissolution of marriage on November 25, 1992, and husband cross-petitioned.

The trial court entered its Judgment and Decree dissolving the marriage on May 10, 1993. The court granted wife primary custody of the minor children, with reasonable visitation and temporary custody to husband. After imputing monthly gross earnings of $1,775 to husband and calculating support in accordance with Rule 88.01, the court ordered husband to pay $40 per child per week as child support for the three minor children. The court gave husband the exclusive right to claim the children as dependents on his income tax returns as long as he complied with the child support order. The court divided the personal marital property and allocated the debts between the parties and ordered the marital home sold with the proceeds divided between the parties.

## I. Child Support

In his first point husband challenges the trial court's calculation of child support. He challenges the trial court's failure to impute income to wife and to credit the cost of health insurance to his child support obligation. He further asserts the trial court improperly imputed income to him.

### A. Imputation of Income

In its decree the trial court found with respect to wife's ability to earn an income:

10. The Petitioner has been a wife, homemaker, and mother, for the most part she has not employed [sic] outside the home. What few jobs she had were minimum wage jobs which she held for only a short time. During the marriage the parties would argue because Respondent wanted her to work and Petitioner didn't want to work. Then near the end of the marriage she wanted to become an emergency medical technician and he said, ["]She couldn't because she could not handle it." Recently she has been receiving Aid to Dependent Children benefits through the State Division of Family Services. She has no other income.

On the other hand it found that husband was earning considerably less than in the

years 1989 through 1991 and imputed monthly gross earnings to him in the amount of $1,775.

    9.  The Respondent, whose Social Security No. is 486–86–3724, is employed by McBride & Sons Construction Co. as a full-time framing carpenter. He earns $8.29 per hour and works and [sic] average of 30 hours per week, for a gross earnings of $248.70 per week or $1,076.87 per month. This is almost $13,000.00 per year. He has, based on his income tax returns, earned considerably more in the past. In 1989 he earned $20,972.00. In 1990 he earned $21,921.00. IN [sic] 1991 he earned $21,528.00. This is a total of $64,-421.00 which when divided by three gives an average for those three years of $21,473.67. He is now earning about one-third less than the previous average. This Court sees no reason why he cannot continue to earn an amount nearer the average. Therefore the Court will impute to the Respondent a monthly gross earnings of $1,775.00.

■ In calculating child support, the trial court may, in certain circumstances, properly impute income to a parent by considering past, present, and anticipated future earning capacity. *In re Marriage of Julian*, 868 S.W.2d 182, 184 (Mo.App.1994). The Directions for Use to Form 14 in effect at the time of trial provided for calculating potential income to an unemployed or underemployed parent. "To determine potential income, the court may consider employment potential and probable earnings level based on the parent's recent work history, occupational qualifications, and prevailing job opportunities in the community, and whether that parent is custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home." Civil Procedure Form 14, Directions for Use (effective prior to April 1, 1994). The purpose of imputing income to an underemployed or unemployed parent is to prevent a parent from deliberately escaping a support obligation by voluntarily refusing work or deliberately reducing his or her income or financial situation. *Julian*, 868 S.W.2d at 184.

■ There is substantial evidence in the record to support the trial court's decision not to impute income to wife. Wife was unemployed during the eight year marriage. Prior to marriage wife's only employment was as a maid and as a receptionist in training. Wife has only a high school education. There was no evidence of wife's future earning capacity. Wife was awarded primary physical custody of three young children. There was no evidence that wife was trying to avoid her support obligations.

■ Husband next argues that the trial court's decision to impute additional income to him misapplied the law because his previous employer went out of business and there was no evidence that he intentionally decreased or manipulated his income or that his training and experience qualified him for an available job at a similar wage.

There is evidence that husband previously earned considerably more than he was earning at the time of trial. In each of the four years prior to trial, husband earned more than $20,000 annually (1989—$20,972; 1990—$21,921; 1991—$21,528; and 1992—$27,000). At trial husband presented a Form 14 which reflected a monthly income of $1,149 (which is approximately $14,000 annually). Husband testified that he was in a training program with his current employer in which he was making 50% of what a journeyman would make, and that he would probably be moved up to a higher wage in thirty days, unless his employer determined he needed more training. Further, husband told an employee at the Ronald McDonald House where the family had stayed that he did not want to give wife any money for child support, that he did not want to have any money, and that he would quit his job before he would pay wife anything. There is sufficient evidence to support a conclusion that husband was underemployed and had a higher earnings potential. The trial court did not err in imputing income to him.

### B. *Health Insurance Payments*

■ Husband asserts that the trial court erred in not giving him a credit for health insurance payments made on behalf of his children when it calculated child support, citing *Switzer v. Switzer*, 821 S.W.2d 125 (Mo.App.1992). In *Switzer*, we held that a husband's share of dependent health care insurance premium for children was properly deducted from his total child support obligation, in that such result was mandated by now repealed § 452.353.10.[1] In *King v. King*, 865 S.W.2d 403, 405 (Mo.App.1993), we held that this holding in *Switzer* and its progeny should no longer be followed. We held that this statute required trial courts to consider the cost of the premiums in making their determination, but did not require a specific adjustment. *Id.* Accordingly the trial court was not obligated to reduce the amount of child support because husband paid these premiums. *See also Hoffman v. Hoffman*, 870 S.W.2d 480, 484 (Mo.App. 1994).

### II. *Income Tax Dependency Exemptions*

■ For his second point husband asserts that the trial court erred in its order granting him the income tax dependency exemptions for the minor children because the court did not include the required language in its decree to carry out its order. We agree.

■ Trial courts may allocate tax exemptions between parents. *Vohsen v. Vohsen*, 801 S.W.2d 789, 790 (Mo.App.1991). *See also Mehra v. Mehra*, 819 S.W.2d 351, 357 (Mo. banc 1991). However, courts must exercise that power in accord with the Internal Revenue Code. *Vohsen*, 801 S.W.2d at 790. As a general rule the custodial parent is entitled to income tax exemptions for dependent children. 26 U.S.C.A. § 152(e). However, the Internal Revenue Code provides that a noncustodial parent may take the ex-

emption, if and only if, "(A) the custodial parent signs a written declaration [IRS Form 8332] . . . that such custodial parent will not claim such child as a dependent . . ., and (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return. . . ." 26 U.S.C.A. § 152(e)(2).

■ Here the trial court ordered:

> So long as [Husband] complies with the provisions for child support as contained herein, [Husband] shall have the exclusive right to claim the children as dependents upon income tax returns, and [Wife] shall not in such event claim any child as a dependent upon her tax returns.

This decree is insufficient because it simply allocates the exemption between the parents. "[T]o effectuate such an allocation, a trial court must order the custodial parent to annually sign the prescribed declaration, presently IRS Form 8332." *Vohsen*, 801 S.W.2d at 792. *See also Adelman v. Adelman*, 878 S.W.2d 871, 873 (Mo.App.1994). The order should make execution of the written declaration by the custodial parent contingent upon the noncustodial parent's payment of child support and establish a deadline for signing the declaration. *Vohsen*, 801 S.W.2d at 792. Accordingly, we must remand this portion of the case to the trial court to modify its order to comply with 26 U.S.C. § 152(e)(2).

### III. *Joint Legal Custody*

For his third point husband asserts that the trial court erred in failing to address his request at trial for joint legal custody. The trial court awarded child custody to wife and further ordered that

> (i) Husband and Wife shall confer on all major issues regarding the children's training, education and rearing, including choice of camp or other comparable summer activity, psychological or psychiatric

---

1. Section 452.353.10, in effect when this case was tried, has been repealed. Beginning May 26, 1993 § 454.603, RSMo Supp.1993, governs and provides:

    6. The cost of health benefit plan . . . premiums shall not be a direct offset to child support awards established pursuant to this chapter, chapters 210, 211, and 452, RSMo, but it shall

    be considered when determining the amount of child support to be paid by the obligor.

    Effective April 1, 1994 Form 14 contains a line for adding health insurance costs to child support costs (4.c.) and a line for a credit for health insurance costs if paid by the non-custodial parent (8.).

treatment or counseling, doctors (other than minor illnesses), surgeons and all material matters affecting the health, education and welfare of the children.

Husband argues that this language was not sufficient to award joint legal custody, and the case should be remanded with orders that the trial court grant joint legal custody. Wife answers that the trial court did grant joint legal custody and therefore this point is moot.

Section 452.375.1(1) RSMo 1993 provides that "joint legal custody"

means that the parents share the decision-making rights, responsibilities, and authority relating to the health, education and welfare of the child, and, unless allocated, apportioned, or decreed, the parents shall confer with one another in the exercise of decision-making rights, responsibilities, and authority.

It is unclear if, in ordering the parties to "confer" as provided in the last part of the above provision, the trial court also meant the parties were to "share the decision-making rights, responsibilities, and authority" and thus have joint legal custody. As part of the remand of this case, the trial court should clarify this part of its order and specifically state whether it is or is not awarding joint legal custody.

## IV. Nonexistent Property

For his fourth point husband contends that the trial court erred by dividing property that did not exist. He specifically refers to 1987 Oldsmobile Cutlass and a 1978 Chevrolet dump truck. Husband only asks that these items be deleted from the court order. He does not request that the property be redistributed.

At trial wife testified to the existence and value of the Cutlass and truck. Husband never testified or offered other evidence to the trial court that these vehicles did not exist. Thus, there was sufficient evidence for the court to divide the property. Defendant may not contend for the first time on appeal that the items did not exist. *See United Missouri Bank South v. Cole,* 597 S.W.2d 209, 212 (Mo.App.1980).

## V. Appointment of Guardian Ad Litem

Husband last asserts the trial court erred in not appointing a guardian ad litem to represent the minor children. Husband argues that, because during the trial wife alleged husband neglected the children, the court was obligated to appoint a guardian ad litem. Neither party alleged abuse or neglect in the pleadings.

Section 452.423.1 RSMo 1993 provides that "[t]he court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged." The "mandatory appointment of a guardian ad litem pursuant to § 452.423.1 is triggered only by an allegation of child abuse expressly stated in a pleading and not by the mere introduction of evidence at trial." *Rombach v. Rombach,* 867 S.W.2d 500, 503 (Mo. banc 1993). *See also Chapman v. Chapman,* 871 S.W.2d 123, 125 (Mo.App. 1994). Because neither party alleged abuse or neglect in the pleadings, the trial court did not err in not appointing a guardian ad litem.

## Conclusion

This case is reversed and remanded in part to the trial court with respect to paragraphs (i) and (k) of the judgment for modification of those paragraphs. In all other respects the judgment is affirmed.

CRANDALL and DOWD, JJ., concur.