CARL E. JORDAN,    )
          )
  Petitioner/Appellant,  )
          )  Appeal No.
          )  01-A-01-9607-CH-00347
VS.         )
          )  Davidson Chancery
          )  No. 95-3201-III
TENNESSEE BOARD OF PAROLES, )
et al.,        )
          )
  Respondents/Appellees.  )

FILED

January 15 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ROBERT S. BRANDT, CHANCELLOR

CARL E. JORDAN
#91050
Riverbend Maximum Security Institution
7475 Cockrill Bend Industrial Road
Nashville, Tennessee 37209
  Pro Se/Petitioner/Appellant

CHARLES W. BURSON
Attorney General and Reporter

PATRICIA C. KUSSMANN
Assistant Attorney General
404 James Robertson Parkway
Nashville, Tennessee 37243
  Attorney for Respondents/Appellees

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

# O P I N I O N

An inmate in the custody of the Department of Correction filed a Petition for Writ of Certiorari to challenge the Parole Board's refusal to grant him parole. The Chancery Court dismissed the Petition for failure to comply with the time limitations for filing. We affirm the dismissal on the alternate ground of failure to state a claim upon which relief can be granted.

I.

On January 23, 1981, Carl E. Jordan pled guilty to aggravated rape, armed robbery and second degree murder, and was sentenced to three concurrent forty year sentences. On May 2, 1986, the Court of Criminal Appeals vacated the guilty plea, because it found that the trial court had failed to fully comply with the procedures required by Tenn.R.Crim P. 11(c) to determine whether a guilty plea is a voluntary and knowing one.

On September 23, 1986, Mr. Jordan again pled guilty to the same crimes, and was sentenced to three concurrent sentences of thirty-five years. Mr. Jordan became eligible for parole consideration, and a hearing was conducted on April 11, 1995. On May 2, 1995, parole was declined. The Board cited high risk and the seriousness of his offense as its reasons for decline.

Mr. Jordan followed the procedures established by the Parole Board to apply for appellate review of its decisions. His request for an administrative appeal was denied on August 24, 1995, and he learned of the decision on September 1, 1995. On October 17, 1995, Mr. Jordan filed his Petition for Writ of Certiorari in the Chancery Court of Davidson County. The state filed a Motion to Dismiss the Petition

on the grounds that it was not filed within the jurisdictional time limit set out in Tenn. Code Ann. § 27-9-102, and that the nature of the review sought was outside the scope of the common law writ of certiorari. The court dismissed the petition on the jurisdictional ground. This appeal followed.

## II.

Tenn. Code Ann. § 27-9-102 requires that a Petition for Writ of Certiorari be filed within sixty days of the entry of the order or judgment complained of. Failure to file within this statutory time limit deprives the trial court of jurisdiction. *Fairhaven Corp. v. Tennessee Health Facilities Commission,* 566 S.W.2d 885, 887 (Tenn. App. 1976). There has been some uncertainty as to how the time limit is to be applied in cases involving the Tennessee Parole Board. The question that usually arises is whether the sixty day limit begins at the time of the Parole Board's initial decision, or if it is tolled until administrative appellate review is exhausted. See for example, *Fite v. State of Tennessee,* Appeal No. 01-A-01-9508-CH-00362 (Filed Nashville, February 28, 1996), *Sams v. Traughber,* Appeal No. 01-A-01-9603-CH-00133 (Filed Nashville, August 14, 1996).

On March 6, 1996, the Western Section of this court issued an opinion in a parole revocation action that held that the time limit cannot begin to run until the decision of the Parole Board becomes final. *Jennings v. Traughber,* Appeal No. 01A01-9509-CH-00390. If a prisoner appeals a refusal to grant him parole, the Board's decision does not become final until the Board renders a decision on that appeal. Tenn. Code Ann. § 40-28-105(d). Thus, if considered under the rule announced in *Jennings,* the appellant's petition would be considered timely because it was filed less than sixty days after the Board rejected his appeal.

The State argues however, that the court's ruling in *Jennings v. Traughber* is inapplicable to this case, because it was issued after the Chancery Court dismissed Mr. Jordan's petition. This is certainly a valid argument, and might well be conclusive if the *Jennings* court had reversed a well-established rule. However because of the uncertainty of the law prior to the Jennings opinion, we decline to uphold the Chancery Court's dismissal on jurisdictional grounds, and instead review the sufficiency of Mr. Jordan's petition under the requirements of the writ.

**III.**

As this court has stated many times, the scope of a Writ of Certiorari is quite limited:

> "It covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently or arbitrarily. Conclusory terms such as 'arbitrary and capricious' will not entitle a petitioner to the writ. At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached."

*Powell v. Parole Eligibility Review Board*, 878 S.W.2d 871, 873 (Tenn. App. 1994).

Mr. Jordan's Petition states in several places that the Board's actions in his case were unconstitutional and in violation of law, but as the quoted passage above indicates, such a statement does not entitle him to the writ unless it can be supported by a claim of some substance.

Mr. Jordan first argues that he has a constitutionally protected liberty interest in parole. The United States Supreme Court has stated that a prisoner has no constitutional right to be released prior the expiration of a valid sentence, but that a state's parole statutes law may create a protected liberty interest. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S. Ct. 2100 60 L.Ed 688 (1979).

Mr. Jordan relies upon the case of *Mayes v. Trammel,* 751 F.2d 175 (6th Cir. 1984) wherein the Federal appeals court found that the Tennessee parole scheme as it then existed, created a liberty entitlement protected by due process, by virtue of the following language, found in Rule 1100-1-1-.06 of the Rules of Tennessee Board of Paroles:

> "The Board operates under the presumption that each resident who is eligible for parole is a worthy candidate and thus the Board presumes that he will be released on parole when he is first eligible. Before granting or denying parole, the Board shall apply the following factors to each eligible resident to assist it in determining whether such resident will live and remain at liberty withoutviolating the law or the conditions of his parole."

The Parole Board subsequently amended its rules to eliminate the first sentence of the above paragraph, and the appeals court recognized that the amended rule eliminated the constitutionally-protected liberty interest. *Wright v. Trammel*, 810 F.2d 589, 591 (6th Cir. 1987). See also *Wells v. Board of Paroles*, 909 S.W.2d 826 (Tenn. App. 1995).

The appellant argues that since he committed his crimes prior to the decision in *Wright v. Trammel*, it is a violation of the protections against ex post facto laws to deprive him of the benefits of the prior rule. We note at the outset that *Wright v. Trammel* did not say that the amended rule could only be applied to crimes committed after it was put into effect, but that it applied to parole hearings held after its effective date of April 10, 1985.

In regard to the ex post facto argument, the appellant mentions two cases where the courts have said that changes in rules relating to early release were violations of ex post facto prohibitions, but neither case is on point with the one before us. In *Akins v. Snow*, 922 F.2d 1558 (Eleventh Circuit 1991), the federal appeals court ruled that the Georgia Board of Paroles could not reduce the frequency of parole hearings from annually to once every eight years for prisoners who were sentenced when the earlier rule was in effect. In *Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960,

67 L.Ed.2d 17 (1981) the Supreme Court prohibited the Florida Department of Corrections from reducing the amount of good time and honor time that inmates could accumulate each month below the levels that were in place at the time of sentencing.

However in a later case involving frequency of parole hearings, the Supreme Court held that not every change in parole rules to the possible detriment of previously convicted offenders can be considered an ex post facto violation. The court stated that the question was the degree of risk that the change would increase the measure of punishment retroactively. If it can be considered highly speculative that the petitioner would be released earlier because of the application of the prior rule (as it does in the present case), then the use of the later rule would not violate the ex post facto prohibition. See *California Dept. Of Corrections v. Morales*, 514 U.S. __, 115 S.Ct, 1597, 131 L.Ed 2d 588 (1995). See also *Kaylor v. Bradley*, 912 S.W.2d 728 (Tenn. App. 1995).

**IV**.

Mr. Jordan also contends that it was unlawful to deny him parole on the ground of the seriousness of his offense, and that it was likewise unlawful not to supply him with a more detailed statement of the Board's reasons for its actions, and of the facts it relied upon in reaching its decision. We have recently dealt with both of these issues in some detail, so we will only briefly respond to them here.

One of the factors the Board is statutorily obligated to take into account in parole decisions is the seriousness of the crime(s) for which the prisoner was sentenced. Tenn. Code Ann. § 40-35-503 states that:

> (b) Release on parole is a privilege and not a right, and no inmate convicted shall be granted parole if the board finds that:
> (1) . . .

- 6 -

> (2) The release from custody at the time would depreciate the seriousness of the crime of which the defendant stands convicted or promote disrespect for the law.

Although some federal courts have criticized the use of the seriousness of the crime as a factor in parole consideration, the Tennessee legislature is persuaded otherwise, and we have recently upheld the right of the legislature to require the Parole Board to consider that factor. See *South v. Board of Paroles*, Appeal No. 01A-01-9609-CH-00393 (Filed Nashville, December 11, 1996).

Further, although some jurisdictions require their Parole Boards to furnish prisoners with a detailed statement of the reasons for declining parole, such is not the case in Tennessee. See *Mosley v. Board of Paroles*, Appeal No. 01-A-01-9604-CH-00162 (Filed Nashville, November 1, 1995).

**V.**

Mr. Jordan's final argument is that the Parole Board erred in applying the wrong standard for reviewing his eligibility for release as a sexual offender. Although sex offenders were treated the same as all other offenders with regard to parole eligibility prior to 1957, our legislature has since passed a number of statutes for the purpose of preventing the release of sex offenders without some sort of mental health evaluation to determine whether they are at risk for offending again. See Tenn. Code Ann. §§ 40-28-116(a)(2), 40-35-503(4)(c) and (d).

According to Attorney General Opinion 90-10 (January 29, 1990) the variations in these statutes and the differences in the dates they were enacted require the application of slightly different standards of evaluation before a sex offender can be released, depending on the date of his crimes.

Mr. Jordan discusses in detail the various statutes, and the categories they have created among sexual offenders, and argues that the wrong standard was applied to him, because of a comment written by the hearing officers who conducted his parole hearing.  The comment, which is found in a document entitled Notice of Board Action, states "Psychological does not track language," and was apparently meant to provide another reason for declining parole.  Putting aside for a moment the question of what that language really means, and how it relates to the categories discussed by Mr. Jordan, we note that the Board modified the recommendations of the hearing officers before signing off on them, and eliminated the quoted language. According to the final notice of the Board's action, the reasons for declining  parole to Mr. Jordan were high risk and the seriousness of his offense.

Since only one of the three crimes of which Mr. Jordan was convicted can be considered a sexual offense, and the other crimes were murder and armed robbery, we must conclude from this record that even if the hearing officers erred in applying the wrong sort of evaluation standard for his rape conviction (and it is not at all clear that they did) it must be considered harmless error, in light of subsequent Board action and the seriousness of Mr. Jordan's other crimes.

## VI.

We affirm the dismissal of Mr. Jordan's petition, on the ground of failure to state a claim upon which relief can be granted.  Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

- 9 -

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
WILLIAM C. KOCH, JR., JUDGE

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

CARL E. JORDAN,                         )
                                        )
        Petitioner/Appellant,           )
                                        )       Appeal No.
                                        )       01-A-01-9607-CH-00347
VS.                                     )
                                        )       Davidson Chancery
                                        )       No. 95-3201-III
TENNESSEE BOARD OF PAROLES,             )
et al.,                                 )       Affirmed
                                        )       and
        Respondents/Appellees.          )       Remanded

## J U D G M E N T

        This cause came on to be heard upon the record on appeal from the

Chancery Court of Davidson County, and briefs of the parties; upon consideration

whereof, this Court is of the opinion that in the decree of the Chancellor there is no

reversible error.

        In accordance with the opinion of the Court filed herein, it is, therefore,

ordered and decreed by this Court that the decree is affirmed.  The cause is

remanded to the Chancery Court of Davidson County for the enforcement of the

decree and for the collection of the costs accrued below.

        Costs of this appeal are taxed against Carl E. Jordan, for which

execution may issue if necessary.

                ENTER _____.


                                        _____
                                        HENRY F. TODD, PRESIDING JUDGE
                                        MIDDLE SECTION


                                        _____
                                        BEN H. CANTRELL, JUDGE


                                        _____
                                        WILLIAM C. KOCH, JR., JUDGE