## PINTOR v. MARTINEZ.

### No. 9636.

Court of Civil Appeals of Texas. Austin.

May 14, 1947.

Rehearing Denied May 21, 1947.

334

W. K. McClain, of Georgetown, for appellant.

Wood & Wilcox and S. E. Wilcox, Jr., both of Georgetown, for appellee.

BAUGH, Justice.

Pauline Vasquez, as mother and next friend of her minor daughter, Josephine Pintor, applied for a writ of habeas corpus against Leandra Martinez to secure the custody of the 18 month old illegitimate daughter of Josephine. This application was resisted by Leandra who, in addition to her denial and other pleas, sought affirmatively, under Art. 5929, R.C.S., to have the infant's name changed from Beatrice Pintor to Beatrice Rodriguez. After a full hearing to the court without a jury, the trial court awarded the custody of said infant to Leandra and decreed that her name be changed as prayed for. Hence this appeal.

Two contentions are made:

1. That custody was improperly awarded; and

2. That application to change the infant's name could not be joined with a habeas corpus proceeding.

Neither of these contentions is sustained.

■ Nothing would be added to the jurisprudence of the State by stating and discussing at length the testimony adduced upon the trial. The controlling factors by which the trial court must be guided in determining custody in such cases have now become elementary,—the welfare and best interests of the child. That is a fact issue to be determined by the trial court and such determination will not be disturbed on appeal unless clearly wrong or contrary to the preponderance of the evidence. Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Langenegger v. Purl, Tex.Civ. App., 57 S.W.2d 915; 31 Tex.Jur. § 31, p. 1290. In the instant case the record shows: Leandra was the widowed sister of Charles Rodriguez. She had no children. Charles' wife died leaving two children, a boy and a girl, aged respectively at the time of the trial at 8 and 12 years. Leandra lived with Charles and acted as a mother to his children. They so lived in Georgetown in August, 1945, when Josephine came to live with them. They took care of her during childbirth, and have continuously since then cared for, and nourished her illegitimate baby. Josephine both prior to and after the birth of her child told Leandra orally and in writing that she, Leandra, could have the baby. With Josephine's consent the baby was christened Beatrice Rodriguez in the Catholic Church. It is not controverted that Charles and Leandra have taken good care of the child, have a good home, owned by Charles, adequate to their needs and paid for except in the sum of $200.

■ On the other hand, Josephine lives in a 3-room house with her mother, a widow, who has eight other children besides Josephine; the youngest one of whom is illegitimate, and the mother is again pregnant. Neither Josephine nor her mother is employed nor have any property or fixed source of income. Without detailing it here, suffice it to say that not only the home into which Josephine proposed to take said child was not at all suitable; but the evidence was such that the court could have concluded that Josephine herself was not morally suitable to have the custody of her own child which she had in effect abandoned at birth. Obviously, therefore, the trial court's judgment was correct.

■■ Nor is there any merit in the contention that the trial court erred in awarding the infant, a citizen of Texas, to Leandra, an alien. Both Leandra and Charles had lived in Williamson County for 20 years or more, were well thought of,

thrifty, and hard working Mexicans. There was nothing to indicate that they might take the child to Mexico. Even though Leandra was an alien, she was entitled to due process and equal protection of our laws the same as a citizen in all matters save those wherein aliens, for the protection of the public interest, are expressly denied civil rights, such as the right to vote, hold office, etc. American Federation of Labor v. Mann, Tex.Civ. App., 188 S.W.2d 276, 288. 2 Am.Jur. §§ 9, 10, p. 467 et seq. Clearly where the best interests of the child are served by awarding its custody to her, the public welfare does not require that such custody be withheld merely because she had not become a naturalized citizen. To all intents and purposes she had become a permanent resident of the State.

■ Nor was it error to entertain, along with the habeas corpus proceeding, an application to give the infant an appropriate name. It may be doubted if, strictly speaking, the decree amounted to a change of name as contemplated in Art. 5929, R.C.S. It is stated in 10 C.J.S., Bastards, § 23, page 105, that at common law an illegitimate child is for legal purposes deemed a filius nullius, and held by the courts of Illinois and Michigan not to be entitled to a name unless same be gained by reputation or by baptism. In the instant case Josephine herself, when consenting to the christening of said baby, stated that its name was Beatrice Barajas. However, it was christened Beatrice Rodriguez. But if it be conceded, as seems to be the better reasoning, that the illegitimate child takes the surname of the mother, the issue, like that of custody, for the trial court to determine is whether, in the language of the statute, "such change will be for the benefit and interest of the minor" and to enter its decree accordingly. Here the custody was properly given to Leandra, who would continue, as she had theretofore done, to "mother" said child along with the two Rodriguez children as if a member of the same family. Consequently the court was clearly warranted in concluding that such child should have the same surname as that of the family of which it was, in effect, a component part.

No particular form of action is prescribed by Art. 5929. Obviously it is in the nature of an ex parte proceeding. We know of no law, rule or reason why such a proceeding may not be joined with the habeas corpus proceeding here involved. Indeed, both relate to the same subject matter, and are referable to the same objective,—the "benefit and interest of the minor." While not expressly made so by law, it is obvious, we think, that whether the minor's interests required or warranted a change of the name depended upon whether the custody of the child be given to Leandra. If the custody had been given to Josephine, clearly the change to a surname other than that of the mother would not have been warranted. It may therefore be said that the determination of the appropriate name for the minor was dependent upon the determination of the proper custody. Thus the two issues were properly joined and come clearly within the spirit and purpose of Texas Rules of Civil Procedure No. 51.

Finding no error in the record the judgment of the trial court is affirmed.

Affirmed.