

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 20, 1949

Hon. Geo. W. Cox, M. D.　　Opinion No. V-811
State Health Officer
Department of Health　　　Re: Authority of a step-
Austin, Texas　　　　　　　　　father to file amend-
　　　　　　　　　　　　　　　　ed birth certificate.

Dear Sir:

You submit the following questions:

"A child was born in wedlock on January 28, 1941. Two years later the natural parents were divorced and the other subsequently remarried.

"Under the provisions of the last three paragraphs of Subsection 26, Rule 47a, Article 4477, V.C.S., does the second husband of the mother have the right to file an amended birth record showing himself to be the father of the child, and further showing the surname of the second husband as the surname of the child?

"Further, do these statutory provisions contemplate the filing of an amended birth record in only those cases where a child is born to an unmarried mother who subsequent to the birth marries the natural father of the child?"

The last three paragraphs of the statute referred to in your inquiry read as follows:

"Upon the marriage of a mother of a child, or children, her husband may file with the Local Registrar the certificate of marriage, to which may be attached a birth certificate for each child showing the father's name and other data referring to him as the father of the child or children.

"And provided that if the husband is deceased, divorced, or permanently or temporarily outside the limits of the United States, or when the husband's whereabouts are not known, the mother shall have all the rights granted the husband in filing said certificate or certificates.

"When the Local Registrar is satisfied that the marriage has occurred and that the statements made on the birth certificate are true and correct, he shall place his file date and signature on the certificate and forward it to the State Bureau of Vital Statistics. The State Registrar shall attach the certificate as a correction to the certificate of the natural birth of the child; and provided further, that neither the State Registrar nor a Local Registrar shall, except where ordered by a court of competent jurisdiction, make a certificate of, or furnish any information to any person as to the birth certificate of an illegitimate child, but shall issue a certified copy of the birth certificate filed after the marriage of the mother of the child."

The quoted paragraphs pertain to the right of a husband who marries the mother of an illegimate child or children to file a certificate of his marriage to the mother and attach a delayed birth certificate of each child showing the natural father's name and other data referring to the natural father as the father of the child or children. The registrar must be satisfied that the marriage has occurred and that the statements made on the birth certificate are true, and may not change a birth certificate of a child born in wedlock and filed by its natural father.

We are of the opinion that a birth certificate of a child born in lawful wedlock to natural parents, duly filed in the office of the State Registrar, may not be amended by a step-father to show, contrary to a birth certificate filed by the natural father, that he, in fact, is the father of the child. The stepfather may adopt the child and amend its birth certificate to show a new surname the same as the adopting parents. Article 5929 V.C.S. provides for the

changing of the name of a minor.  Under the case of
<u>Pintor v. Martinez</u>, 202 S.W.2d 333 (Tex. Civ. App.
1947, error ref. n.r.e.) the changing of the name
probably could be coupled with the adoption proceed-
ings.  See also opinion O-5950, a copy of which is
enclosed.

It would appear as if the last three para-
graphs of Subsection 26, Rule 47a of Art. 4477 were
inserted as an afterthought prior to the adoption of
this amended section.  The only meaning they can pos-
sibly have, in addition to what is set out above, is
that upon marriage of the mother of a child (obvious-
ly illegitimate at the time) the husband (and in cer-
tain specified cases, the mother) may file, with the
certificate of marriage, a certificate showing the
husband to be the father of the child.  This certifi-
cate is attached to the certificate of the natural
birth of the child as a correction of that original
certificate.

## SUMMARY

Where a child was born in wedlock and
its birth certificate was filed by its na-
tural parents who were divorced after its
birth, the second husband of the mother may
not file an amended birth certificate show-
ing himself to be the father of the child.
He may adopt such child and change its name
to that of the adopting parents as provided
in Rule 47a, subsection 26, Art. 4477, V.C.S.

The above statute contemplates the fil-
ing of an amended birth certificate in those
cases in which a child is born to an unmar-
ried mother who subsequently marries the
natural father of the child.

Very truly yours,

APPROVED:

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By
W. T. Williams
Assistant

WTW:jrb:wb
Encl.