**Faith D. KIRKSEY et al., Respondent,**

v.

**Howard W. ABBOTT, Sr., Appellant.**

**No. 41187.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 18, 1979.

Dennis Neil Smith, Clayton, for appellant.

Thad Niemira, St. Louis, for respondent.

REINHARD, Judge.

In this paternity suit, respondent's mother alleged that appellant was the father of her minor daughter (age approximately one and one-half years). She asked the court to declare appellant to be the father. She also requested custody, child support, and attorney's fees. Appellant filed an amended answer and counterclaim admitting that he was the father of the child, asking for custody, and requesting that the last name of the child be changed from that of the mother's to his.

After a hearing, the court found the appellant to be the father of the minor child; gave general care, custody, and control of child to mother; and provided for temporary custody in the father on alternate

week-ends. The decree also established other periods of temporary custody. The decree further provided that the father pay child support to the mother in the amount of $22.50 per week and that the child's last name remain that of the mother's.

Father appeals only from that portion of the decree denying his right to have the child's last name changed to his last name.

The testimony revealed that the mother had a legitimate twelve year old son who carried the mother's last name. The mother wanted the daughter to carry the same last name as her son's. She revealed that she was soon to marry and that her last name would be changed. The father testified that he was the father of the daughter and further claimed he had the right to have the child carry his name. He stated the following as reasons why he wanted the child's name changed: "It will be rather embarrassing to me to introduce her as my daughter and give another name. The other [reason] is insurance."

Father relies on *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) wherein the Supreme Court of the United States expanded the rights of fathers of illegitimate children. Mother cites *Pintor v. Martinez*, 202 S.W.2d 333 (Tex. 1947) wherein the Texas Supreme Court held that an illegitimate child should have the same surname as that of the family of which it is a component part.

While there is a paucity of precedent on this question, it is apparent that the court has wide discretion and should be guided by what is in the best interests of the child. Neither parent has an absolute right for the child to bear his or her name.

Based upon the meager evidence presented on this issue to the trial court, we cannot say the court abused its discretion.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.