**Shane Davis COBB, minor by his next friend, Ricky D. WEBB, Respondent,**

v.

**Bonnie Kay COBB, Appellant.**

**No. WD 45154.**

Missouri Court of Appeals, Western District.

June 9, 1992.

Harry Ralph Gaw, Jr., Tipton, for appellant.

John Thomas Kay, California, for respondent.

Before HANNA, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Bonnie Kay Cobb appeals a portion of a judgment declaring Ricky Davis Webb to be the biological father of Shane D. Cobb.

Ricky Webb filed a petition on February 8, 1991, seeking a declaration of his paternity of Shane. In the petition, Mr. Webb also requested, among other things, that Shane Cobb's surname be changed to Shane Webb, that Shane be placed in the joint legal custody of Ricky Webb and Bonnie Cobb, that he be awarded visitation with Shane and that appropriate arrangements be made for child support.

The only disputed issue at the hearing on the petition, and which forms the basis for the present appeal, concerns whether Shane's best interest would be served by changing his surname from Cobb, his mother's surname, to Webb, his father's surname. The trial court found that the child's best interests would be served by changing his surname and entered the order accordingly. It is from this portion of the order that Ms. Cobb appeals.

Ms. Cobb, in her first point on appeal, alleges that the trial court erred by failing to sustain her motion to strike the provision of Mr. Webb's petition which requested that the surname of Shane be changed from Cobb to Webb because the Uniform Parentage Act does not grant authority to change the surname of a child and therefore, the trial court lacked jurisdiction to enter an order changing the surname of the child.

Ms. Cobb's point is without merit. It is not necessary for the Act to specifically authorize a change of name. From a practical standpoint, it is impossible for this, or any statute, to provide specifically for every instance or scenario that might possibly occur, especially in the situations involving parents and children. Thus, § 210.841, RSMo 1986, empowers the Court to enter judgment on "any matter in the best interest of the child." Further, § 210.849, RSMo 1986, directs that birth certificates of a child be amended "consistent with the findings of the court." Clearly, a change of name was contemplated pursuant to the provisions of the Act. Ms. Cobb's argu-

ment to the contrary must be and is, rejected. Point one is denied.

In her second point, Ms. Cobb argues that the trial court erred by changing Shane's surname because Mr. Webb failed to sustain his burden of proving that the change of name was in the best interest of the child.

In its judgment, the trial court found "after considering all the evidence and argument on the contested issue of changing the name of the child, ... that the child's interests would best be served by changing his name to Shane Davis Webb."

■ In a court tried case, the decision of the trial court must be affirmed unless the judgment is not supported by substantial evidence; unless it is against the weight of the evidence; or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). When determining the sufficiency of the evidence, an appellate court will accept as true the evidence and inferences from the evidence that are favorable to the trial court's decree and disregard all contrary evidence. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989). The trial court has wide discretion and should be guided by what is in the best interest of an illegitimate child in determining the appropriate surname for the child. *Kirksey v. Abbott*, 591 S.W.2d 751, 752 (Mo.App.1979). Neither parent has an absolute right for an illegitimate child to bear that parent's surname. *Id.*

■ Ms. Cobb testified that Shane is not enrolled in any school, daycare, Head Start program or Sunday School where his name is recorded in a record. Ms. Cobb further testified that there has never been anyone in her family or Mr. Webb's family who has not carried the surname of their father as a child. She also testified that there is no one in the area where she and Shane live, and where she intends for Shane to grow up, that does not go by the surname of their father at least until women marry and take their husband's surname. Everyone that Ms. Cobb has ever known has had the surname of their father.

Ms. Cobb testified that her only concern with changing Shane's surname to Webb was that it would confuse him. However, she acknowledged that Shane rarely uses his surname and that he is not yet able to write his name. Beyond the confusion she saw no detriment to changing Shane's surname to Webb. Ms. Cobb testified that after Shane was born, she would have had his name changed to Webb if she and Mr. Webb could have afforded to do so.

The record further reflects that Mr. Webb has desired for Shane to have the surname Webb from the time of Shane's birth. Mr. Webb has provided little support for Shane in the past, but testified that his present job pays better than when Shane was born and that he is now better able to help support Shane. Mr. Webb has attempted to build a relationship with Shane by means of visitation since the time of Shane's birth. Mr. Webb is willing to pay child support and seeks a stronger and more structured relationship with Shane for the future.

The trial court had ample evidence before it to justify finding that a name change would be in the best interest of the child. Shane was only 2½ years old at the time of trial. Shane is still very young and would not yet be identified by his surname to any significant extent. Shane would be set apart from the other children in his community if he did not bear his father's surname. Mr. Webb has attempted to build a relationship with Shane and Ms. Cobb knows of no substantial detriment to changing Shane's surname. Point two is denied.

Judgment affirmed.

All concur.