**Debra Kay SELTER, Appellant/Cross–Respondent,**

v.

**John J. SELTER, Respondent/Cross–Appellant.**

**No. ED 73315.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 8, 1998.

Alfred J. Rathert, Rathert Law Firm, Fenton, for appellant.

Gael D. Wood, James W. McGettigan, Jr., Washington, for respondent.

LAWRENCE G. CRAHAN, Judge.

Debra Selter ("Mother") appeals a provision of the judgment of dissolution abating all child support for the parties' unemancipated son, Eric ("Eric"), during the months he is away at college. John Selter ("Father") cross-appeals the trial court's decision to award mother her wedding rings as marital property. We modify the child support award and, as modified, affirm the judgment.

The facts relevant to Mother's appeal are not in dispute. The parties had two sons born of the marriage. The parties agreed at trial that the older son was emancipated. The younger son, Eric, was still living at home with Mother in Jefferson County, Missouri when the case was tried in June, 1997.

The parties agreed that Mother would retain physical custody of Eric. Eric is an accomplished basketball player and, in recognition of his athletic prowess, had been offered a grant to attend Fontbonne College in St. Louis, Missouri. Eric had accepted the offer and was planning to begin his course of study in the fall. The grant Eric was awarded covers all but approximately $1000 per semester of Eric's expenses for tuition, room and board, and books.

Utilizing Form 14, the trial court calculated Father's presumed child support amount to be $478.20. Father does not dispute that calculation on appeal. In its judgment, the trial court made the following provision for Eric's support, which is the subject of Mother's appeal:

> [Father] is ordered to pay to [Mother] the sum of $478.20 per month as and for the support of Eric Christopher Selter for the months of June, July and August 1997 and each year afterward Eric remains a full time student living away from home. [Father] is also ordered to pay $1,018.00 directly to Fontbonne College for the fall semester of 1997 and each semester thereafter Eric remains a full time scholarship student at that school. [Mother] is ordered to maintain the minor child on her health insurance through her employer. Each party is ordered to pay one half of any insurance deductible and one half of any uninsured medical, drug, eyeglass or dental expense not covered by insurance.

The next day, the trial court amended this provision by adding the following:

> To the extent the child support award varies from that prescribed by Form 14, the court finds that strict application of V.A.M.R. 88 is not appropriate in this case because of the child Eric's matriculation at Fontbonne College.

Mother complains that the foregoing language in the judgment amounts to a total abatement of child support for the nine months of the year Eric will be away at school. Mother cites *Anderson v. Aronberg,* 927 S.W.2d 931, 936 (Mo.App.1996), as holding that abatement is forbidden under these circumstances because, although abatement is addressed in section 452.340.2 RSMo 1994, attendance at college is not a circumstance for which abatement is statutorily authorized. Although that reasoning was employed in *Anderson,* it is unavailing to Mother in this case because the statute was amended just

prior to the entry of judgment in this case to authorize abatement for college expenses under certain circumstances. Specifically, section 452.340.6 RSMo 1997 Supp.[1] provides:

> At the parent's option, a parent may pay one-half of the college room, board, tuition, mandatory fees and book expenses of the child as a credit reduction in the amount of child support during the months when a child attends school, if such child is enrolled as a full-time student and living away from the family residence for a majority of the school year, unless provisions for payment of college expenses are specified in the parenting plan or court order; except that, if such payment of college expenses is less than the court-ordered child support, the parent shall pay the difference between such college expenses and the court-ordered payment as provided in the court order.

■ Although not directly applicable to the circumstances presented in this case, this amendment to section 452.340 does provide at least implicit authority for a trial court to order abatement of child support by crediting payments for certain college expenses made by a non-custodial parent. By its express terms, section 452.340.6 authorizes a non-custodial parent who voluntarily pays specified college expenses for a child enrolled as a full time student and living away from home to credit such payments against the court ordered child support. The credit is limited to one half of the child's specified college expenses. By excepting payment of college expenses required by the parenting plan or court order, the statute implicitly assumes that any credit or abatement of child support payments due to such required payments will be addressed in the parenting plan or court order. Accordingly, we hold that section 452.340.6 RSMo 1997 Supp. does authorize a trial court to order abatement of child support as a credit for payment of specified college expenses pursuant to a parenting plan or court order.

1. Section 452.340.6 RSMo 1997 Supp. was substantially revised by Senate Bill 910, enacted during the 1998 legislative session and effective

■ Contrary to Mother's contentions, the record does support the trial court's decision to deviate from the Form 14 guideline amounts in this case. The record indicates the child will be provided with his meals while residing at the school, which will certainly reduce, but not eliminate, Mother's need for child support during such periods. Mother is correct, however, that the record does not support total abatement of child support while the child is attending school. Mother must still provide a home for Eric on weekends and his needs for clothing, school supplies, recreation, car insurance and maintenance and similar expenses will be undiminished and, perhaps increased. The amount of college expenses Father was ordered to pay, a total of $2,036.00 per year, is far less than the presumed child support amount, which was proven to be well within Father's means. On this record, it was an abuse of discretion to give Father credit for more than the amount of college expenses Father was ordered to pay.

Pursuant to our Rule 84.14 authority to give such judgment as the trial court ought to give and to finally dispose of this case, we amend that portion of the judgment set forth above and order that Father pay additional child support in the amount of $252.00 per month during the remaining nine months of the year so long as Eric remains a full time student living away from home.

[3] In his cross-appeal Father claims the trial court erred in awarding Mother her wedding rings as marital property. Father claims Mother testified that he could have them. The record, however, does not support this assertion. Mother testified on cross-examination that she had offered to give the rings to Father before trial. Her position at trial was stated by her attorney to be that each party would keep the jewelry in their possession, which is what the trial court ordered. This was not an abuse of discretion. *In re Marriage of Lawry*, 883 S.W.2d 84, 88 (Mo.App.1994).

August 28, 1998. We express no opinion on the effect of this amendment on future cases.

Judgment modified as set forth above and, as modified, affirmed. Costs are assessed in favor of Mother and against Father.

JAMES R. DOWD, P.J. and RICHARD B. TEITELMAN, J., concur.