v.

T.W., a minor by next friend, K.A.W. and K.A.W., individually, Respondents.

No. 22972.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 10, 2000.

M. Dwight Robbins, Fredericktown, for appellant.

Jeffrey P. Dix, Jackson, for respondents.

ROBERT S. BARNEY, Judge.

R.W.B., the natural father of T.W., a minor child born out of wedlock on August 23, 1994, appeals from an Order and Judgment of the Circuit Court of Bollinger County, entered on April 1, 1999. In his two points of trial court error, discussed more fully below, R.W.B. ("Father") does not deny paternity. Rather he maintains the trial court erred in refusing to give

T.W. both a new middle name and to change T.W.'s surname from his mother's maiden name to Father's surname. He also argues the trial court erred in its award of child support, because the award of $350.00 a month child support was unjust and inappropriate and should have been abated to reflect the proportionate time that he was granted custody of T.W.

Previously this Court reversed and remanded a prior Order and Judgment of the same trial court, entered on May 10, 1996, which declared R.W.B. to be the natural father of T.W., and awarded sole custody of the minor child to K.A.W. ("Mother"), the natural mother of T.W. The prior Order and Judgment, *inter alia*, granted Father periods of temporary custody and visitation with T.W. and ordered Father to pay $350.00 per month as child support to Mother. We reversed because a guardian ad litem had not been appointed for the minor child. *See generally R.W.B. v. T.W.*, 947 S.W.2d 815 (Mo.App. 1997).[1]

"In a court tried case, the decision of the trial court must be affirmed unless the judgment is not supported by substantial evidence; unless it is against the weight of the evidence; or unless it erroneously declares or applies the law." *Cobb v. Cobb*, 844 S.W.2d 7, 9 (Mo.App.1992).

■ We are guided by the following precepts in our review of Father's first point of error alleging trial court error in refusing to change T.W.'s middle name and surname. "The trial court has wide discretion and should be guided by what is in the best interest of an illegitimate child in determining the appropriate surname for the child." *Id.*; *see also Morris v. Morris*, 926 S.W.2d 87, 89 (Mo.App.1996).

"Neither parent has an absolute right for an illegitimate child to bear that parent's surname." *Cobb*, 844 S.W.2d at 9.

■ The record shows that at birth Mother gave T.W. her maiden name as his surname. At trial, Mother opposed Father's request to have T.W.'s surname changed from Mother's maiden name to Father's surname. The sole reason she gave for her opposition was "[b]ecause I never was married to [Father] and joined as one, and I feel that my last name was a name that I could be proud of, and I just feel that it would be the best of [T.W.'s] interest, too." She did not elaborate as to how T.W. carrying her maiden name as his surname would be in T.W.'s best interest.

■ However, we discern that as of the time of trial, Mother had married and, when asked to give her name, she recited her first name, her maiden name and the surname of her new husband. Thus, in denying Father's request to change T.W.'s surname to that of Father, the trial court has countenanced a situation in which T.W. now bears *neither* his mother's new surname nor the surname of his father. We fail to see how the best interest of this child is served by setting him apart from other children in the community who may carry either their father's or mother's surname. *See id.* Additionally, T.W. was under 3 years of age at the time of trial and nothing in the record suggests that, even now, he is identified by his present surname to any significant extent so as to suffer any substantial prejudice were his surname changed to that of his father. *See id.* The trial court abused its discretion in refusing to change T.W.'s surname to that of his father. Point One is sustained.[2]

---

1. We observe that prior to his first appeal, Father filed a petition seeking to have himself declared the natural father of T.W. and requesting the trial court change T.W.'s surname to that of Father. Additionally, Father sought to have the trial court award him the primary custody of T.W., subject to "liberal rights of temporary custody and visitation" in Mother.

2. We decline to find trial court error in its refusal to grant T.W. a new middle name, as also set out in Point One. In his pleadings, Father never asked for this form of relief. Courts have the power to decide only those questions which are presented by parties in their pleadings. *Sisk v. McIlroy and Associates*, 934 S.W.2d 567, 571 (Mo.App.1996).

In his second point, Father argues his court ordered child support payments of $350.00 a month should be proportionately abated in accordance with the requirements of section 452.340.2, Cum.Supp.1998, so as to reflect the 44 percent of the time he has custody of T.W.[3] We disagree.

 Rule 88.01 is applicable to support awards in the context of paternity actions.[4] *K.R.W. v. D.B.W.*, 830 S.W.2d 38, 40 (Mo.App.1992); *see* § 210.841.5, RSMo Cum.Supp.1998. "A child support provision will be upheld unless the trial court abused its discretion or erroneously applied the law." *In Re Marriage of Gerhard*, 985 S.W.2d 927, 930 (Mo.App.1999). "The trial court's award of child support will not be disturbed on appeal unless the evidence is 'palpably insufficient' to support it." *Id.* "Rule 88.01 establishes a rebuttable presumption that the amount of child support calculated according to Civil Procedure Form 14 is the amount of child support to be awarded." *Id.*

Our review of the record reveals that Father's computation of the time he has custody of T.W. does not include any time above and beyond that ordered by the trial court. However,

"'[s]ection 452.340(2)[sic] relates to the circumstances regarding voluntary relinquishment of custody—not court-ordered visitation.'" *Id.* at 932(quoting *Lenger v. Lenger*, 939 S.W.2d 11, 14 (Mo.App.1997)). Therefore, Father is not statutorily entitled to a proportionate abatement of his child support payments. Point denied.

Pursuant to our Rule 84.14, Missouri Court Rules (2000), authority to give such judgment as the trial court ought to give and to finally dispose of this case, *Selter v. Selter*, 982 S.W.2d 764, 766 (Mo.App.1998), we amend the portion of the judgment that denied Father's request to have T.W.'s surname changed to that of Father. Accordingly, we order T.W.'s surname be changed to that of Father's surname. In all other respects the judgment is affirmed.

MONTGOMERY, P.J., GARRISON, C.J., concur.

---

We are not persuaded that the issue regarding T.W.'s middle name was tried by the express or implied consent of the parties. *See id.* Furthermore, "[o]n appeal, a party is bound by the position he took in the trial court and will not be heard on a different theory." *In Re Marriage of Short*, 847 S.W.2d 158, 167 (Mo.App.1993).

3. Section 452.340.2, RSMo Cum.Supp.1998 states, in pertinent part:

The obligation of the parent ordered to make support payments shall abate, in whole or in part, for such periods of time in excess of thirty consecutive days that the other parent has voluntarily relinquished physical custody of a child to the parent ordered to pay child support, notwithstanding any periods of visitation or temporary physical and legal or physical or legal custody pursuant to a judgment of dissolution or legal separation or any modification thereof.
§ 452.340.2 RSMo Cum.Supp.1998.

4. Rule 88.01(b), Missouri Court Rules (1999), reads in pertinent part as follows:

(b) There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the correct amount of child support to be awarded in any judicial or administrative proceeding.