Brenden P. BLECHLE, Garrett M. Blechle by Next Friend Todd J. Neel, and Todd J. Neel, Respondents,

v.

Darla M. POIRRIER, Appellant,

and

Missouri Division of Child Support Enforcement, Defendant.

No. ED 81077.

Missouri Court of Appeals, Eastern District, Southern Division.

July 22, 2003.

Francis J. Elpers, St. Genevieve, MO, for Appellant.

Brenden P. Blechle, Garrett M. Blechle, Todd J. Neel, Perryville, MO, for Respondents.

GEORGE W. DRAPER III, Judge.

At issue in this case is the ability of a trial court to change the surnames of minor twins in a declaration of paternity action, and its grant of tax dependency deductions to the biological father. We reverse and remand with directions.

On March 4, 2000, Darla Mae Poirrier (hereinafter, "Mother") gave birth to Brenden Paul Blechle and Garrett Michael Blechle (hereinafter, "the Children"). In December 2000, a paternity test determined Todd J. Neel (hereinafter, "Father") to be the biological father with a 99.98 percent probability. Father brought this declaration of paternity action seeking to be named the biological and legal father of the Children, joint legal and physical custody, and a name change to reflect his surname. The trial court entered its judgment on February 11, 2002, granting Father's request to change the Children's surnames and granting him tax dependency deductions. Mother appeals.

Mother first claims the trial court erred in granting Father's request to change the names of the Children from their names given at birth because there was no substantial evidence to support the name change, no evidence the name change would benefit the Children, and uncontroverted testimony supported leaving the names unchanged. Therefore, Mother

claims Father failed to meet his burden of proof.

We will affirm the trial court's judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In cases determining the surname of a child born out of wedlock, the trial court "has wide discretion and should be guided by what is in the best interests of the child." *B.L.W. by Ellen K. v. Wollweber*, 823 S.W.2d 119, 122 (Mo.App. S.D.1992) (*citing Kirksey v. Abbott*, 591 S.W.2d 751, 752 (Mo.App. E.D. 1979)). Neither parent has the absolute right to confer his or her name upon the child. *Wollweber*, 823 S.W.2d at 122. However, while the trial court has discretion to change a child's surname, it must follow the proper procedure. *Neal v. Neal*, 941 S.W.2d 501, 503 (Mo. banc 1997).

Proper procedure requires "notice and the opportunity for adequate preparation for hearing on the issue by both parents" so as to assure the trial court's discretion is aimed at determining the best interests of the child. *Id.* Once proper notice has been achieved, this Court must determine whether the record contains sufficient evidence to prove the name change is in the best interests of the child. *Id.* at 504. The parent seeking to change the child's name bears the burden of proving the name change is in the child's best interests. *Schubert v. Tolivar*, 905 S.W.2d 924, 926 (Mo.App. E.D.1995). "The law does not presume it is in a child's best interests to carry the father's surname." *Id.; See also Wollweber*, 823 S.W.2d at 122.

In the instant case, Father pleaded to change the Children's surname to match his surname because he is their biological father. Father's petition meets the minimal notice requirements. *Neal*, 941

S.W.2d at 503. Next, we look to the record to see whether there was sufficient evidence to support the name change as being in the best interests of the Children.

As opposed to Mother's testimony, where at least Mother stated her belief that it would be in the Children's best interest not to change their last names, the only evidence this Court culled from the record which Father presents to overcome his burden is from his testimony and is as follows:

Q: You're also asking that their names be changed to Neel?

A: Yes.

Q: Both—Both the children's last names be changed to Neel?

A: Yes.

The trial court's judgment, however, stated there was no testimony adduced regarding changing the Children's surnames.

Father's remark that he would like the Children's names to be changed is not sufficient evidence to overcome his burden of proof demonstrating that it is in the Children's best interests to have their surnames changed. Additionally, there is no presumption that the Children's best interests are served by having their biological father's surname. Therefore, this point is granted. Upon remand, the trial court is directed to restore the Children's surname since there was not sufficient evidence presented to support any change.

Next, Mother argues the trial court erred in awarding the tax dependency deductions to Father because Father failed to contribute to the Children's support in prior tax years. Mother believes the party taking the tax dependency deductions must satisfy the support test set forth in the Internal Revenue Code, and the trial court cannot override that test.

A trial court has broad discretion in awarding tax dependency deductions. *Lenger v. Lenger*, 939 S.W.2d 11, 14 (Mo.App. W.D.1997); *Hoffman v. Hoffman*, 870 S.W.2d 480, 484 (Mo.App. E.D.1994). "Because income tax exemptions are or may be a factor in determining the money available to pay support obligations, it would be appropriate for the parties, or the court in the absence of agreement between the parties, to determine and express which party is entitled to the available exemptions." *A.V. v. G.V.*, 726 S.W.2d 782, 785 (Mo.App. E.D.1987) (*citing Corey v. Corey*, 712 S.W.2d 708, 711 (Mo.App. E.D.1986)). The trial court's determination of which parent receives the tax dependency deductions does not impact upon the Internal Revenue Service nor does it conflict with the Internal Revenue Code. *Vohsen v. Vohsen*, 801 S.W.2d 789, 792 (Mo.App. E.D.1991).

Generally, the primary custodial parent receives the child tax dependency deduction. 26 U.S.C. Section 152(e)(1). The noncustodial parent may be granted the child tax dependency deduction when: (1) "the custodial parent signs a written declaration ... that such custodial parent will not claim such child as a dependent for any taxable year ..." and (2) "the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year...." 26 U.S.C. Section 152(e)(2).

In the instant case, the trial court's determination of child support requires Father to pay more than one half of the calculated future child support cost and half of Mother's previously incurred expenses for the Children. Further, the trial court was within its discretion to allocate the deductions to Father for the Children because there was no prior agreement between Mother and Father regarding the tax exemptions. Father's tax dependency deductions for the Children is dependent upon Mother receiving all of the ordered child support payments.

Yet, the trial court's judgment is insufficient to effectuate Father's appropriation of the tax exemptions. In order to actualize Father's exemptions, the "trial court must order the custodial parent to annually sign the prescribed declaration ..." and "should make execution of the declaration contingent upon the custodial parent's receipt of the court ordered child support payments." *Vohsen*, 801 S.W.2d at 792; *In re Marriage of Braun*, 887 S.W.2d 776, 780 (Mo.App. E.D.1994). This portion of the trial court's judgment is remanded for modification in order to comply with 26 U.S.C. Section 152(e)(2).

The judgment of the trial court is reversed and remanded with directions to restore the surname of the Children and to follow the proper procedure granting Father the tax dependency deductions.

GLENN A. NORTON and BOOKER T. SHAW, JJ., concur.