In re C.R.F. A Male Minor Child, Through His Next Friend, C.R.C., and C.R.C., Individually, Respondents,

v.

B.M.F., Appellant.

No. ED 84720.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 25, 2005.

Joseph J. Porzenski, St. Charles, MO, for appellant.

Michael C. Todt, St. Charles, MO, for respondents.

LAWRENCE E. MOONEY, Judge.

In this declaration of paternity action, Mother, B.M.F., appeals from the trial court's judgment changing her minor child's surname to that of Father. Because we find there was insufficient evidence adduced demonstrating that the name change was in the child's best interest, we reverse and remand with directions.

Mother gave birth to a son on April 24, 2001. Two days later, Father, C.R.C., filed his petition for paternity and custody of the child. Mother cross-petitioned for determination of father/child relationship, custody of the child, and for child support. The trial court entered judgment declaring Father to be the natural father of the child, awarding joint physical and legal custody, awarding child support to Mother, awarding Mother partial retroactive child support, ordering each party to pay their own attorney's fees, and changing the child's surname to Father's. Mother appeals.

■ Mother claims the trial court erred in granting Father's request to change the surname of the child from Mother's surname to Father's surname. Mother contends there was no evidence offered by Father that the name change was in the child's best interest.[1]

■ In this court-tried case, we will affirm the judgment of the trial court unless there is no substantial evidence to support the decision, it is against the weight of the evidence, or the trial court erroneously declares or applies the law. *Blechle v. Poirrier*, 110 S.W.3d 853, 855 (Mo.App. E.D.2003) *citing Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "In cases determining the surname of a child born out of wedlock, the trial court has wide discretion and should be guided by what is in the best interests of the

---

1. Mother also alleges error in the trial court's award of joint legal custody, in its award of retroactive child support, and in ordering the parties to pay their own attorney's fees. We summarily deny these allegations of error and find that no jurisprudential purpose would be served by an exposition of the detailed facts and law. Rule 84.16(b). The parties have been furnished with a memorandum, for their information only, setting forth the reasons for our order.

child." *Brown v. Shannahan,* 141 S.W.3d 77, 82 (Mo.App. E.D.2004); *see also, Blechle,* 110 S.W.3d at 855, *quoting B.L.W. by Ellen K. v. Wollweber,* 823 S.W.2d 119, 122 (Mo.App. S.D.1992) *citing Kirksey v. Abbott,* 591 S.W.2d 751, 752 (Mo.App. E.D. 1979). The law does not presume it is in the child's best interest to carry the father's surname. *Brown,* 141 S.W.3d at 82; *see also, Blechle,* 110 S.W.3d at 855. Additionally, neither parent has the absolute right for a child to bear his or her name. *Id; see also, Kirksey,* 591 S.W.2d at 752. "The parent seeking to change the child's name bears the burden of proving the name change is in the child's best interests." *Brown,* 141 S.W.3d at 82; *see also, Blechle,* 110 S.W.3d at 855.

Here, Father testified that he was requesting the name change because, in his words, "I am his father and he is my son and I believe he should carry on my name." Father also testified that he was unaware of anyone who would be harmed by the name change, and that the child was carrying the middle name of his maternal grandfather. Father presented no other evidence regarding the name change, and conceded at oral argument that evidence concerning the name change was sparse.

Father's remarks are not sufficient evidence to sustain his burden of demonstrating that the change in surname was in the child's best interest. The evidence here of Father's motivation does not constitute evidence that the name change is in the best interest of the child. Because there was insufficient evidence presented demonstrating that the change of name was in the child's best interest, the trial court erred in granting Father's request to change the child's surname. Point granted. On remand, the trial court is directed to rescind its order changing the child's surname to Father's surname.

The judgment of the trial court with respect to the change in child's surname is reversed and the cause is remanded with directions. In all other respects, the judgment is affirmed.

KATHIANNE KNAUP CRANE, P.J., and BOOKER T. SHAW, J., concur.