Ernest E. HARRIS, Appellant,

v.

Lowell BROWN and Gretchen Brown, Respondents.

No. 27759.

Missouri Court of Appeals, Southern District, Division One.

April 10, 2007.

Richard L. Schnake, Neale Newman, Bradshaw & Freeman, Springfield, for Appellant.

Thomas J. O'Neil and J. Brad York, Lebanon, for Respondents.

DANIEL E. SCOTT, Judge.

Appellant (Plaintiff) and Respondents (Defendants) were litigating a property dispute involving various claims and counterclaims. After extensive negotiations at a pre-trial conference, the parties announced "a stipulation for settlement, in principle," and made a record on some of the terms. The attorneys told the trial court an additional meeting might be needed to work out "minute details," and a written settlement agreement would be prepared for the court's approval.

A month later, Defendants moved to enforce the settlement agreement. They attached a ten-page stipulation for judgment, and a nine-page judgment order, to an unverified motion alleging that Plaintiff was refusing to approve those documents. On appeal, Defendants do not dispute Plaintiff's claim that those documents included language that was not part of the settlement "in principle," and to which Plaintiff objected.[1]

On the motion hearing date, the court started by allowing Plaintiff's counsel to withdraw, leaving Plaintiff to participate *pro se.* The court next took up Defendant's motion to enforce. Defendants offered no evidence, and without giving Plaintiff an opportunity to respond, the court announced it would grant the motion.

THE COURT: Very well. The Court is going—The Defendants' motion to enforce the settlement, that has been filed, it's been noticed up, and that is presented to the Court, right?

MR. O'NEIL: Correct.

THE COURT: And the motion speaks for itself of what you filed?

MR. O'NEIL: Yes, sir.

THE COURT: And Mr. Harris has requested that he wanted to proceed without his lawyer. Mr. Muxlow has filed a motion to withdraw.

The Court is going to grant the motion to withdraw by Mr. Muxlow. The Court is going to grant and sustain the motion to enforce the settlement.

I will give you an opportunity to file a judgment. How many—If you have it prepared, I'll enter the judgment forthwith.

Mr. Harris, you are given notice by this Court that this motion has been sustained, the judgment is going to be entered. I would suggest, sir, that you consult with a lawyer. And I must tell you that I cannot answer any questions. There's been a full record made of this. I am advising you, sir, I would suggest strongly that you consult with a lawyer about what happened here today.

Do you have a judgment, counsel?

MR. O'NEIL: I do, Your Honor.

THE COURT: Very well.

MR. HARRIS: Your Honor, may I speak?

---

1. For example, the documents purported to enter judgment on a third amended counterclaim that may never have been filed.

MR. O'NEIL: The clerk has asked me to leave that unstapled.

THE COURT: Very well. The Court—Mr. Harris, like I say, the Court file is in Randolph County. I am going to enter this judgment, sir. You can talk to a lawyer what you may wish to do. Any lawyer you want to get, he or she can advise you about this matter. There will be a record made. But I will sign this judgment. I'm going to ask the clerk, if they'd be kind enough, to make a copy of this so you will have this with you when you leave the courthouse.

MR. HARRIS: May I—

THE COURT: Now, this is not a certified copy, sir—

MR. HARRIS: Yeah.

THE COURT:—because this clerk here of this county cannot certify something from another county.[2] But I will give you a copy of it.

MR. HARRIS: Your Honor, may I speak?

THE COURT: Yes, sir.

MR. HARRIS: May I present this to you?

THE COURT: Anything you'd like file, sir, is fine. The Court is entering the judgment. If the clerk—sir, you can wait outside there. I'll have one of the ladies in my office provide you a copy of this. Counselor, I've signed this. This is not certified. I'll make sure—

MR. O'NEIL: Okay.

THE COURT:—the clerks give you a copy of this, too.

■■■ Plaintiff's first point complains the judgment was entered without an evidentiary hearing or supporting evidence. We cannot sustain the judgment if no sub-

stantial evidence supports it, or it is against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). A party requesting specific performance of a settlement agreement has the burden of proving the agreement by clear, convincing, and satisfactory evidence. *Randall v. Harmon*, 761 S.W.2d 278 (Mo.App.1988).

Defendants offered no testimony or evidence to support their unverified motion or the court's judgment. They did not show by clear, convincing, and satisfactory evidence they were entitled to the relief granted. Since this deficiency is determinative, we need not address Plaintiff's other point. We reverse the judgment, and remand the case for trial or such other proceedings as the trial court deems appropriate and are not inconsistent with this opinion.[3]

PARRISH, J., and RAHMEYER, P.J., Concur.

---

2. This Laclede County matter was being heard in Camden County while the court file was in Randolph County.

3. Pending motions taken with the case are denied as moot.