**Justin PERKINS, Respondent,**

v.

**George Patrick Ray DELMONT, a minor child by his next friend and natural mother, Chelsea DELMONT and Chelsea Delmont, individually, Appellants.**

**No. 28842.**

Missouri Court of Appeals,
Southern District,
Division One.

June 9, 2008.

Douglas A. Parker, Neale & Newman, Springfield, for Appellants.

No Brief Filed for Respondent.

DANIEL E. SCOTT, Judge.

Chelsea Delmont ("Mother"), for herself and her one-year-old son ("Child"), appeals the change of Child's surname to that of Respondent, Child's biological father ("Father"). There was no evidence that the change was in Child's best interest. We reverse and remand with directions.

Father petitioned for a declaration of paternity, custody, visitation, and support regarding Child. Before trial, the parents reached agreement on everything except

Father's request to change Child's last name. At the hearing, Mother testified that Child should keep the same surname as herself and Child's half-brother, since Child primarily lived with them and would attend school with the half-brother. Father's whole trial testimony on the subject follows:

Q: You're also asking this child's birth certificate be changed to reflect you're not only the father of the child but to reflect change of the last name of the child to your last name, is that correct?

A: Yes.

Q: P–E–R–K–I–N–S, is that correct?

A: That's correct.

The court took the matter under advisement; invited the parties to supply legal authority on the issue; and ultimately ordered Child's name changed without indicating any specific findings or reasoning therefor.

It is not presumed that Child should carry Father's name. *Blechle v. Poirrier*, 110 S.W.3d 853, 855 (Mo.App.2003). Father had to prove that a name change was in Child's best interest. *Id.* His testimony did not do so; merely asking the court to change Child's name was not sufficient evidence to carry the burden of proof. *Id.*[1] We cannot affirm a decision unsupported by substantial evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Harris v. Brown*, 218 S.W.3d 630, 632 (Mo.App.2007).

Absent a presumption or evidence that a name change was in Child's best interest,

the trial court erred in so ordering. *See Blechle*, 110 S.W.3d at 855. *See also Wright v. Buttercase ex rel. Buttercase*, 244 S.W.3d 174, 177 (Mo.App.2008); *C.R.F. ex rel. C.R.C. v. B.M.F.*, 174 S.W.3d 90, 92 (Mo.App.2005); *Brown v. Shannahan*, 141 S.W.3d 77, 82 (Mo.App.2004). We reverse and remand the judgment in that respect, with directions to restore Child's surname. We affirm the judgment in all other respects.[2]

PARRISH, P.J. and BATES, J., concur.

---

1. The father's insufficient testimony in *Blechle* (110 S.W.3d at 855) was:
   "Q: You're also asking that their names be changed to Neel?
   A: Yes.
   Q: Both—Both the children's last names be changed to Neel?
   A: Yes."

2. The judgment also included a declaration of paternity; ordered correction of Child's birth certificate to identify Father as such; and approved the parenting plan incorporating the parents' agreements on custody, visitation, and support. None of these aspects of the judgment are challenged on appeal.