Cornelius D. Rodgers, Mineral Point, MO, for Appellant.

Chris Koster, Dora A. Fichter, Jefferson City, MO, for Respondent.

Before ROBERT G. DOWD, JR., P.J., ROY L. RICHTER, J., and ANGELA T. QUIGLESS, J.

## ORDER

**M.R.H., Respondent,**

v.

**J.N.P., Appellant.**

**No. ED 97338.**

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 4, 2012.

Motion For Rehearing and/or Transfer to Supreme Court Denied Dec. 13, 2012.

Cheryl A. Rafert, St. Louis, MO, for Appellant.

Melissa Lynne Moss, St. Louis, MO, for Respondent.

ROY L. RICHTER, Judge.

J.N.P. ("Mother"), biological mother of M.R.H. ("Child"), appeals from the judgment of the trial court following a paternity suit brought by M.R.H. ("Father") in the Circuit Court of St. Louis County. Mother argues the trial court erred in failing to grant her request to change Child's surname from Father's alone, to a hyphenated combination of both Mother and Father's surnames. Finding no error, we affirm.

## I. BACKGROUND

In the time leading up to Child's birth, Mother and Father were in a committed relationship, with the intent of marrying in the future. The couple agreed that Child would be given Father's surname at birth and Mother would similarly adopt Father's surname after she married Father. On July 1, 2009, Child was born and given Father's surname. The couple's planned marriage, however, never came to fruition, and in the subsequent months, Mother and Father ended their relationship.

On April 30, 2010, Father filed a Petition for Declaration of Paternity and Order of Custody, Visitation, Child Support, and for Attorneys' Fees and Costs. On June 28, 2010, Mother filed her Answer and Counter–Petition. The trial court appointed Mother as Next Friend for Child on July 12, 2010. Later, on April 20, 2011, Mother

filed an Amended Counter–Petition, requesting that Child's surname be modified to include both Mother's maiden name and Father's surname, joined by a hyphen. As requested by Mother, Child's name would change from M.R.H. to M.R.H.-P. In response, Father filed an Answer to Mother's Amended Counter–Petition on April 26, 2011, contending that a name change would not be in Child's best interest.

Mother and Father entered into consent judgments regarding custody, child support, insurance, and parenting plans. The only contested matters remaining concerned the allocation of guardian ad litem fees and Mother's request to change Child's name. On May 13, 2011, the trial court conducted a hearing on those issues.

At the May 13, 2011 hearing, both Mother and Father testified. On direct examination, Mother's testimony centered on why she believed the name change was in Child's best interest. Her initial focus was on problems that might arise when Child begins school. First, she stated there would likely be difficulty once Child begins school because many schools require parents to produce identification when picking up their children, and Mother and Child do not share the same last name. Second, Mother noted that it is possible other children will begin to ask Child why he does not share Mother's last name.

Mother then expressed concern about issues that might arise in other settings. For example, Mother stated that when she is at the doctor's office with Child, she would sometimes inadvertently be referred to by Child's last name (also Father's last name). Such occasions, Mother explained, might confuse Child when he is older because he will know Mother has a different last name. Moreover, going forward, Mother declared that if she eventually marries, she plans to keep her maiden name, thus making it so all of her children will have similar last names. Finally, Mother testified that she was not requesting the name change to defraud creditors or cause harm to anyone.

On cross-examination, Mother denied that Child knew his full name; stating that he only identified himself by his first name. She also expressed no concern about any confusion or difficulty a hyphenated name might cause Child.

Father's testimony focused on the original choice of giving Child his surname and the reasons he believed it would not be in Child's best interest to grant Mother's request to have the name changed. First, Father recounted how he and Mother agreed to give Child his surname in order to give Child the same initials, M.R.H., as Father. This, Father contended, would allow Child to better identify with Father. Expounding upon that belief, Father explained how sharing the same surname would help grow and strengthen the bond between Father and Child. That is particularly important, according to Father, because he was already at a comparative disadvantage to develop a bond when compared to Mother because Mother was able to create her bond through carrying and giving birth to Child.

Furthermore, in order to rebut Mother, Father argued that Child did in fact know his full name and asserted that Child was often referred to by his full name by Father and Father's family. Having a hyphenated name, Father believed, would cause Child undue confusion.

On cross-examination, Father acknowledged that Child could not yet spell his full name and was not enrolled in school. Additionally, Father admitted that his own surname was actually his mother's maiden name.

Following the conclusion of the hearing, the trial court entered its Paternity Judg-

ment ordering Father to pay the entirety of the outstanding guardian ad litem fees and rejecting Mother's request to change Child's name. The judgment form stated simply, "The Bureau of Vital Records shall NOT change the name on the birth record(s) of the minor child(ren)." The court gave no explanation or findings. Mother subsequently filed a Motion to Vacate or, In the Alternative, Amend the Judgment on June 13, 2011, which the trial court denied on August 23, 2011. This appeal follows.

## II. DISCUSSION

In Mother's sole point on appeal, she argues the trial court erred in denying her request to change Child's name. Specifically, Mother maintains the trial court abused its discretion because the name change was in the best interest of the child, was not detrimental to any other person, and deciding otherwise was unsupported by substantial evidence. We disagree.

### *Standard of Review*

 In this court-tried case, we will affirm the judgment unless it is unsupported by substantial evidence, it is against the great weight of the evidence, or it errone-

ously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We will review any conflicting evidence in the light most favorable to the judgment and will defer to the trial court's assessment of witness credibility. *In re P.L.O.,* 131 S.W.3d 782, 789 (Mo. banc 2004). When, as here, the trial court does not enter any findings of fact or conclusions of law, we will presume the trial court resolved all fact issues in accordance with the result reached.[1] Rule 73.01(c);[2] *see also Kackley v. Burtrum,* 947 S.W.2d 461, 463 (Mo.App. S.D.1997).

 The trial court has wide discretion when analyzing requested changes to a child's surname during paternity actions and it will be guided by what is in the best interests of the child.[3] *C.R.F. ex rel. C.R.C. v. B.M.F.,* 174 S.W.3d 90, 91–92 (Mo.App. E.D.2005) (quoting *Brown v. Shannahan,* 141 S.W.3d 77, 82 (Mo.App. E.D.2004)). We will accept the trial court's ruling "unless it is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.* (quoting *Morris by Cope v. Morris,* 926 S.W.2d 87, 89 (Mo.App. W.D.1996)); *see*

1. Absent a request by one of the parties, in a court-tried case, the trial court is under no obligation to make specific findings. Rule 73.01(c); *see also Piazza v. Combs,* 226 S.W.3d 211, 220 (Mo.App. W.D.2007). Here, neither Father nor Mother made such a request.

2. Rule 73.01(c) provides, in pertinent part:
 If a party so requests, the court shall dictate to the court reporter or prepare and file a brief opinion containing a statement of the grounds for its decision and the method of deciding any damages awarded.
 All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached.

3. We decline Mother's request to adopt the more restrictive standard of review utilized by this Court in name change requests brought under Section 527.270 and Rule 95.01. *See, e.g., Neal v. Neal,* 941 S.W.2d 501, 502 (Mo. banc 1997) (trial court has narrow discretion). It is well established that the inherent differences between a name change brought in a paternity action and a name change brought pursuant to Section 527.270 (i.e., the adversarial nature of the proceedings, etc.), warrants we give the trial court wider discretion when it rules on the propriety of changing the name of a minor child in a paternity action. *See, e.g., Morris by Cope v. Morris,* 926 S.W.2d 87 (Mo.App. W.D.1996).

also State ex rel. Webster v. Lehndorff Geneva, Inc., 744 S.W.2d 801, 804 (Mo. banc 1988). Put another way, "[i]f reasonable men can differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." Lehndorff Geneva, Inc., 744 S.W.2d at 804.

### The Trial Court did not Err in Denying Mother's Request to Change Child's Name

■■■ In Missouri, no legal presumption exists for a child born out of wedlock to bear a particular parent's surname. Wright v. Buttercase ex. rel. Buttercase, 244 S.W.3d 174, 176–77 (Mo.App. W.D. 2008). Instead, the burden is on the parent seeking to change the child's surname to prove such a change is in the child's best interests. Id. at 177; C.R.F. ex rel. C.R.C., 174 S.W.3d at 92. Factors the trial court may consider when evaluating whether a surname change is in the best interest of the child, include: (1) the child's age, (2) the potential embarrassment or discomfort the child might experience when his or her surname is different from the custodial parent, and (3) how the name change will affect the child's relationship with his parents. Wright, 244 S.W.3d at 177 (quoting M.L.H. by D.R.H. v. W.H.P., 831 S.W.2d 677, 679 (Mo.App. W.D.1992)). Testimony that merely expresses a parent's underlying motivation for a change in the child's surname will not suffice as evidence that a proposed name change is in the best interest of the child. C.R.F. ex rel. C.R.C., 174 S.W.3d at 92.

In this case, Mother attempted to meet her burden by focusing on the potential problems of Child retaining only Father's surname. She testified about the difficulties that might occur when she picks Child up from school and the possible confusion different surnames might cause at places like the doctor's office. However, throughout Mother's testimony, it is unclear whether the focus of her concern was the embarrassment that Child might experience, or simply on her own frustrations and difficulties. That distinction is noteworthy because the difficulties experienced by a parent as a result of the child's surname do not "necessarily affect what is in the best interests of the child." Jenkins v. Austin, 255 S.W.3d 24, 28 (Mo.App. W.D.2008).

In addition, Mother contended that Child might later receive questions from other children as to why he and Mother have different surnames and how Child might become confused on those occasions when Mother is accidentally referred to by Father's surname instead of her own. Yet, acting as the finder of fact, the trial court was able to "accept or reject all, some, or none of the testimony of a witness when considered with the facts, circumstances and other testimony in the case." Wright, 244 S.W.3d at 177 (quoting State v. Crawford, 68 S.W.3d 406, 408 (Mo. banc 2002)). Here, it is clear the trial court was unpersuaded by the reasons underlying Mother's request to change Child's surname. See Rule 73.01(c) (we presume the trial court resolved all fact issues in accordance with the result reached). This Court's sole function then is to assess whether the trial court's decision was outside the bounds of the wide discretion it is afforded when ruling on name changes in paternity actions. We hold that it was not.

While Mother's arguments on behalf of hyphenating Child's name are certainly reasonable concerns, the trial court must be convinced that Mother carried her burden and demonstrated that a name change would be in Child's best interest. In this case, the trial court listened to the testimony of both Mother and Father and con-

cluded that Mother failed to meet her burden in establishing the propriety of the name change. Upon our review, the trial court's decision does not leave this Court with the impression that the ruling was "so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." Accordingly, Mother's point on appeal is denied.

### III. CONCLUSION

The judgment is affirmed.

ROBERT G. DOWD, JR. and ANGELA T. QUIGLESS, JJ., concur.